Statement of the Case.
MONROE, J.
The state having brought this suit for the recovery of certain lands in the parish of Tangipahoa, the defendants excepted, on the grounds that the petition discloses no cause of action, and that the state has made no tender of the price and of the taxes collected by it, with interest thereon. The exception of no cause of action was. maintained, and the state appeals from a judgment dismissing the suit. Defendants answer the appeal and pray that, should the court not find the exception of no cause of action good, it maintain the exception of want of tender, and affirm the judgment on that ground. Since the appeal was lodged here, William P. Joyce has died, and his executors have been made parties defendant in. his stead. The allegations of the petition are, substantially, as follows: That, at different (specified) dates in the years 1859, 1868, 1869, 1879, W. R. Adams, J. M. Bach, John E. Hudson, Thomas M. Akers, O. E. Terry, and Felix S. Mix (acting separately) entered certain described tracts of land, under certain described certificates, at 25 cents per acre, and received patents therefor; that they were permitted to make the entries under Act No. 197, p. 159, of 1859, known as the “tidal overflow act,” upon their representations to the register, supported by affidavits, that the lands were subject to “regular tidal overflow,” and were unfit for settlement and cultivation. The' state alleges: That the lands were never subject to overflow, and could not legally have been entered for less than $1.20 per acre; that gross fraud was perpetrated by the entrymen named, in representing to the register, who was, presumably, ignorant of their character, that the lands were subject to overflow and to entry *857 at 25 cents per acre; that said representations were false, and the register was thereby deceived, and, by reason of such deception, was induced to issue patents for the lands; that the patents were illegally and fraudulently obtained and were void ab initio, and should be so decreed and ordered ■canceled from the records, and said lands declared subject to entry at $1.50 per acre; that the defendants (naming them) “now claim to own, in indivisión, the said lands, by a chain of title emanating from the said ■entrymen; -that they are holders in bad faith; that their titles, or pretended titles, * * * and the said outstanding patents, net as a cloud upon the state’s title and are an injury thereto, and, for the reasons above stated, the said Hackley, Hume & Joyce have no rights of ownership in and to the said lands, and their titles should be ordered canceled, * * * and the said lands decreed to belong to the state of Louisiana”; that ■defendants have cut and removed and sold, from said land, timber worth $50,000; and that the state is entitled to an accounting for the same and to judgment for its value. By supplemental petition it is alleged, as an additional ground of nullity, with respect to ■patents issued to Adams and Hudson, that the quantities of land fraudulently sold to them exceeded 640 acres, in violation of Act No. 247, p. 306, of 1855, and Rev. St. §§ 2920, 2929.
The prayer of the petition is that the patents be decreed to have been illegally obtained, that they, together with the titles of the defendants, be ordered erased from the records, and that the state be recognized as the owner of the lands and have judgment against defendants ordering them to vacate the same, and to account for the value of the timber removed therefrom.
Opinion,
1. It is not denied that the petition discloses a cause of action as against the original entrymen, but counsel for defendants say:
“There are no averments in these petitions that the defendants, or any of them, were, in any way, parties or privies to the alleged frauds of the entrymen, or that they ever had any knowledge of said frauds, actual or constructive, either before, or at the time, they acquired their titles to the property sued for, or that any of the persons standing in the chain of title between themselves and the entrymen were parties or privies to such frauds or had any knowledge of them. The sole substantial averments in the petition are that the patents were obtained by frauds of the entrymen, that the defendants hold under a chain of title emanating from the entrymen, and ‘that they are holders in bad faith.’ No particulars, or facts, or circumstances of any kind, are set forth, which would constitute defendants possessors in bad faith. This charge is therefore a general and vague charge, without any specifications whatever.”
Article 3452 of the Civil Code reads:
“The possessor in bad faith is he who possesses as master, but who assumes this quality when he well knows that he has no title to the thing or that his title is vicious or defective.”
A pleader in the courts of this state has the right to make use of terms which are specifically defined by the law of the state, without giving the definitions. Thus, when one sues an universal ■ legatee, a widow in community, or the indorser of a . note, he is not required to recite the provisions of law which establish those relations, and so, we think, that, in alleging that the defendants are holders in bad faith of the land here claimed, plaintiff has sufficiently alleged that they assumed, and are assuming, to be the owners of it, well knowing that the titles under which they claim are vicious or defective, and, if that allegation be true (and it is taken as true, for the purposes of the exception), plaintiff is entitled to recover. The exception of no cause of action should therefore have been overruled.
2. The obligation, resting upon plaintiff, who has received the price of property sold, to offer to return the amount so received as a condition precedent to the rescission of the sale, rests upon the principle that he who seeks equity must do equity, and, ordinarily, *859 it would be inequitable to permit the vendor to recover property sold by him whilst retaining the price. If, however, the vendee has appropriated to himself the fruits and revenues of the property to an amount more than sufficient to reimburse the price, and if the circumstances are such as entitle the vendor to demand an accounting, so that, in the end, the vendee may be found indebted to the vendor, there is no reason, in equity or otherwise, why the vendor should be required to pay or tender the price as a condition precedent to the maintenance of his action for the recovery of the property. In such case, if, after trial, it is found that there is a balance of account in favor of the vendee, he can be retained in possession until such balance shall have been paid.
In the case now under consideration, the plaintiff alleges that defendants have cut $50,000 worth of timber from the land in question, and it demands an accounting therefor, so that, assuming that all the allegations of the petition are true, the defendants may be found to be indebted to plaintiff in a sum far in excess of that due in reimbursement of the price and of the taxes paid by them.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, the exceptions filed by defendants overruled, and the case remanded to the district court to be there proceeded with according to law and to the views expressed in the foregoing opinion; the costs of the appeal to be paid by defendants, and those of the lower court to await the final judgment.