## Adeline ANTOINE v. INTERURBAN TRANSPORTATION COMPANY, Inc.
### No. 4125.

Court of Appeal of Louisiana. Second Circuit.

March 16, 1932.

Guion & Upton, of New Orleans, and Peterman, Dear & Peterman, of Alexandria, for appellant.

Hawthorn, Stafford & Pitts, of Alexandria, for appellee.

### McGREGOR, J.

The facts of this case are the same as those in the case of Peter Antoine v. Interurban Transportation Company, Incorporated (La. App.) 140 So. 151, this day decided. The plaintiff, Adeline Antoine, is the widow of Milton Antoine, who lost his life in the collision, and she has brought suit for $15,000 damages for his death. This case was tried and submitted on the same evidence as was the case of Peter Antoine, and the same judgment was rendered by the lower court, and the plaintiff has appealed.

For the reasons assigned in the case of Peter Antoine v. Interurban Transportation Company, Incorporated, the judgment appealed from is affirmed, with all the costs of both courts to be paid by the plaintiff, appellant.

## Clarence ANTOINE v. INTERURBAN TRANSPORTATION COMPANY, Inc.
### No. 4125.

Court of Appeal of Louisiana. Second Circuit.

March 16, 1932.

Guion & Upton, of New Orleans, and Peterman, Dear & Peterman, of Alexandria, for appellant.

Hawthorn, Stafford & Pitts, of Alexandria, for appellee.

### McGREGOR, J.

This case grows out of the same state of facts as those of Peter and Adeline Antoine against this same defendant. The three cases were consolidated for trial and were all submitted on the same evidence. The lower court rejected the plaintiff's demand and rendered judgment for the defendant, and the plaintiff has appealed.

For the reasons assigned in the case of Peter Antoine v. Interurban Transportation Company, Incorporated, 140 So. 151, the judgment appealed from is affirmed, with all the costs to be paid by the plaintiff, appellant.

## DUCRE v. MILNER.
### No. 765.

Court of Appeal of Louisiana. First Circuit.

March 8, 1932.

See, also, 139 So. 665; 11 La. App. 87, 120 So. 253; 122 So. 156; 11 La. App. 180, 123 So. 190; 169 La. 819, 126 So. 72.

Hiddleston Kenner, of Lacombe, for appellant.

P. M. Milner, of New Orleans, for appellee.

MOUTON, J.

Plaintiff is claiming an undivided portion of a tract of land in the alleged possession of defendant.

Defendant first filed in limine an exception to the capacity of plaintiff to sue as the legitimate child of Toussaint Ducre, her alleged father, from whom she claims to have received the property in contest by inheritance.

In the alternative, defendant filed exception, as follows: "Exceptor pleads no right or cause of action and judicial estoppel in that Article V of the petition, the plaintiff alleges judicially a survey for partition of the tract of ground alleged to have been bought by Toussaint Ducre and others as having been subdivided by P. N. Judice, civil engineer and surveyor, February 16, 1867, and said petitioner, while she declares that there has been no written approval or ratification of said plat or survey and subdivision and no division of same by any written act or instrument, failed to negative the fact by affirmative and substantive allegation that Toussaint Ducre and others had not physically accepted said subdivision as made by P. N. Judice, parish surveyor, February 16, 1867, and by their actual occupancy for sixty years and sales of their respective interests, actually accepted said survey and prescribed the one against the other after a lapse of thirty years. Exceptor showing that it is necessary for the plaintiff to negative facts of actual occupancy as well as facts of written act of partition to give her a cause of action, in order to explain lack of possession of the land for a period of sixty-four years; and exceptor further pleads there is misjoinder of plaintiffs and non-joinder of defendants herein."

The trial judge maintained the exceptions of want of capacity in plaintiff to sue, of no

cause of action, and of judicial estoppel. Plaintiff appeals.

The points presented for decision here are in reference of the exceptions of want of capacity in plaintiff to sue, and of no cause of action urged in the exceptions filed by defendant; also another based by defendant on the ground that in her testimony, as plaintiff said she was married, her counsel should have amended her petition by having her husband authorize her to sue.

Plaintiff is a resident of Tampa, Fla., and was examined under commission.

■■ Testifying in reference to her legitimacy, says that her father's name was Toussaint Ducre, and that of her mother Adelaide Bellancier Ducre; that Toussaint and Adelaide Bellancier lived together openly as man and wife and every one in the community regarded them as a married couple; that they always told her they were married, was cared for by them; that they educated her and provided her with a home and sustenance; that they always claimed her as their child, along with her six sisters; that she was taught to look to them for support and assistance as her parents, and those living around who knew them took the same view of their relationship.

The testimony of the plaintiff shows that Toussaint Ducre and Adelaide Bellancier held themselves out to the public as man and wife, reared a large family, supported plaintiff, educated her, and gave her all the assistance they could and the care a child can expect from his parents.

Under such a state of facts, the law will presume that the parties thus representing themselves as husband and wife were lawfully married, and that their children are legitimate, "until it is shown that no marriage between them ever took place, or that it was void on account of some nullity established by law." John Blasini v. Succession of Silvester Blasini, 30 La. Ann. 1388; Holmes v. Holmes, 6 La. 463, 26 Am. Dec. 482.

The proof of the marriage of Toussaint Ducre to Adelaide Bellancier does not depend entirely on the evidence of plaintiff, hereinabove referred to, as the record shows that suit No. 4540 between Drauzin Ducre and the defendant herein was offered by plaintiff to establish the marriage between her father and mother.

The evidence of several witnesses in that suit shows that Toussaint Ducre was married to one Couchen or Narcisse Bellancier many years ago; plaintiff being now 61 years of age. The marriage took place in the Catholic Church at Bonfocieau, St. Tammany parish, which has since, with its records, been destroyed by fire. It is true that the witnesses say that Ducre was married to Couchen or Narcisse, but she is referred to by these witnesses as being a Bellancier, the name given her by plaintiff in her evidence. We feel satisfied from the evidence that Toussaint Ducre was married to plaintiff's mother, and that her legitimacy sufficiently appears from the evidence and which has not been overcome by any proof that no marriage ever took place between them or was void on account of some nullity established by law.

Counsel for defendant contends that the record in suit No. 4540 was introduced by plaintiff without qualification or restriction.

■■ In making the offer, counsel for plaintiff said it was introduced in evidence to show that defendant had admitted the marriage between Toussaint and Adelaide, when and where they were married, etc. Counsel did not say, I restrict the offer to that purpose, but in stating what he wanted to show was a modification or restriction of the evidence to the purpose for which it was introduced, and the record in that case, under the offer thus made, cannot be used by defendant in support of his contention that the evidence in that suit showed that plaintiff's father had taken actual possession of the lot assigned him according to the survey by P. N. Judice made in 1867. If counsel for defendant desired to make use of the evidence to sustain the contention that plaintiff had actually occupied the land in contest, he should have made an offer along those lines, but he did not, and cannot now maintain the position taken by him in that respect.

■ We shall next consider the contention urged by defendant, that, as it was discovered during the trial that plaintiff was a married woman, her petition should have been amended by having authorization of the husband to bring the suit. Such exceptions attacking the capacity of plaintiff to sue are, under the general rule governing in such cases, required to be filed in limine.

■ Let us say, however, that the exceptions filed by defendant were not equivalent to an answer, and that this rule does not apply. Keeping the foregoing in mind, let us look at the nature of this suit to see whether or not plaintiff could not legally institute this suit in her own name and without the assistance of her husband.

■ There can be no question that she is suing for land which she is claiming by inheritance from her deceased father.

Act No. 170, 1912, p. 310, and Act No. 186, 1920, p. 304, in amending article 2334, C. C., and in classifying the property of married persons, says: "Separate property is that which either party brings into the marriage, or acquired during the marriage * * * or by inheritance," etc.

Here, from her allegation, it is obvious that plaintiff is entitled to the property by inheritance whether she brought it in marriage

or acquired it thereafter by inheritance. In either case, it is claimed by her as her separate property by inheritance.

Under the provisions of Act No. 244, 1918, p. 435, as amended by Act No. 219, 1920, p. 364, a married woman, in reference to her separate property, may appear in court in the same manner and to the same extent as though she were a feme sole. Under those two acts the assistance of her husband was not needed in the instant case.

In addition to those acts, we have Act No. 283, 1928, p. 548, which was enacted specially to relieve married women of the disabilities and incapacities to which they were subjected under previous enactments.

That act, section 2, gives married women capacity to institute suits, and to appear in all judicial proceedings, and to stand in judgment, without the authority of their husbands. Those acts give this right to all married women, including nonresidents, plaintiff being one of these, when they have reached the age of 18 years, which in age plaintiff exceeds by more than forty years. Of course this right does not exist where interests of the matrimonial community are involved. This suit was filed in 1930, and is governed by the acts to which we have referred, giving to plaintiff the right to sue for the recovery of her separate estate without the authorization of her husband. The last contention is in reference to the exception of no cause of action.

Plaintiff is claiming an undivided part of an estate alleged to be in the possession of defendant. The action is therefore petitory. C. P. arts. 43–45.

Plaintiff alleges that in 1866, her father, Toussaint Ducre, his brother and two sisters, purchased the land, part of which she is claiming from Anatole Cousin by authentic act. This allegation, which must be taken as true under the exception, certainly constituted Toussaint Ducre, a co-owner in indivision with his copurchasers.

Plaintiff further alleges upon information received that P. N. Judice, civil engineer, had in 1867 surveyed the land so acquired by her father, his brother and sisters, in 1866, and had allotted to each co-owner his share in the land according to a plat of subdivision made by the surveyor, but that no "written act, deed or agreement was ever entered into, signed or executed by and between the owners of said tract of land or by the parties named in the said act of sale of May 25th, 1866, as the vendees, approving or ratifying the said plat of survey, made by the said P. N. Judice, surveyor, dated February 16th, 1867, or dividing or partitioning the said tract of land in accordance therewith, or otherwise, and there never was any division or partition of the tract of land sold and transferred under the terms of the act of sale executed before John I. Montee, ex officio notary public, dated May 25th, 1866, by and between the parties to the said act of sale by any written instrument, act or deed, or between their heirs or legal representatives since their death, and the owners of the said tract have always been in indivision without any partition thereof by written act or instrument."

It is clear under the foregoing allegations that this alleged subdivision of the land by the surveyor was never approved or ratified in writing by petitioner's father or co-owners, nor by plaintiff or representatives of the vendees under the act of purchase, dated May 25, 1866. These allegations show that these vendees, including plaintiff, the alleged heir of Toussaint Ducre, remained the undivided owners of the tract of land acquired under that sale.

Plaintiff further avers that defendant, Milner, is now in possession of a part of the one-fourth interest in the land which was owned by her father, Toussaint Ducre, at his death, and that she had never sold or disposed of her undivided interest in that land since her father's death.

Defendant contends that the allegation of plaintiff, that this undivided interest was owned by her father at his death, is a mere conclusion of law. Defendant in his brief says that plaintiff must affirmatively allege that she has acquired the property by deed.

In plaintiff's petition it is affirmatively alleged that her father acquired the land jointly with his brother and sisters by authentic deed, and that she inherited from him the lot of ground, part of this acquisition of her father, now in the possession of defendant. It is not disputed by defendant that she could claim this property by virtue of her alleged heirship. Her demand therefore rests on an acquisition by deed by virtue of which her father was vested with the ownership of the land in 1866. The contention is that plaintiff's allegation that her father owned the land at his demise is a mere conclusion of law, and does not set out a cause of action.

Defendant says ownership is a status resulting from the acquisition of property. To show that the person owns it at his death, it must be alleged that he has not sold his interest in the property. Such an allegation would not be sufficient to show that the party who had acquired the property was still its owner. We say this because, although he might not have sold the property, some one else without title could have sold it to a purchase in good faith by act translative of ownership, under which a party could have acquired ownership by possession of ten years, or could have acquired title by possession as owner during thirty years. Toussaint Ducre could have been divested of his owner-

ship without having himself by deed or act sold or parted with his title.

Hence, according to defendant's position, to show that Toussaint Ducre was the owner at his death, plaintiff would have been required to allege that he had never been divested of his title by sale, or, had never lost it by prescription or otherwise. It is not denied by defendant that the alleged sale in 1866 to Toussaint Ducre had effected a transfer of ownership to him for his share in the land.

A sale, as defined by the Civil Code, is the giving of a thing for a price. Such an agreement embodies those facts of giving a price for a thing. It is not claimed by defendant that the facts constituting such an agreement should have been alleged, and that the mere allegation of a sale was a conclusion of law.

In the case of State v. Hackley, 124 La. 854, 50 So. 772, in reviewing a suit for the recovery of land where an exception of no cause of action was filed, plaintiff alleged that the defendant was a holder in bad faith; the court said such an allegation is, "in effect, an allegation that he assumed, and is assuming, to be the owner of the property, well knowing that the title under which he claims is vicious or defective." This allegation of bad faith carried with it those assumptions, to which the court refers, and relieved plaintiff from setting them out as facts. That such was the conclusion of the court on this subject, is seen where it expresses itself as follows: "A pleader in the courts of this state has the right to make use of terms which are specifically defined by the law of the state."

The same view should be taken in reference to the allegation by plaintiff that her father was the owner of the land at his death. This allegation was one of ownership in Toussaint Ducre, at the time of his demise.

The definition of ownership in C. C. art. 488, is as follows: "Ownership is the right by which a thing belongs to some one in particular, to the exclusion of all other persons."

The allegation thus made by plaintiff carried with it the assumption that the property in question belonged to her father "in particular, to the exclusion of all other persons." Particularly is it so in a case of this character where the status of ownership had been fixed in plaintiff's father by the deed of 1866, and the allegation of ownership at the time of his death was made merely to show that this status had been preserved, giving her the right to the property by inheritance at his demise.

In the case of State v. Hackley, above cited, the court gives a full review of many cases where the pleadings were held defective because they were merely declaratory statements of legal conclusions. Reference is made there where the plaintiff had alleged that he was the "sole owner of the said demand against the defendant, but without stating the facts showing how he became owner of the demand."

If the plaintiff had merely declared that she was the owner of the land without alleging how she acquired the ownership, her petition would fail to disclose a cause of action for the reason that it would be grounded on a mere conclusion of law. It is not, however, objectionable for any such reason, as she clearly stated the facts upon which she is claiming title.

It is also contended by defendant that it was not enough for plaintiff to allege that her father and his copurchasers had never approved or ratified the subdivision into lots of the land made by Judice in 1867. Defendant contends that she should also have alleged, to maintain her cause of action, that neither her father nor his co-owners ever "went into possession" of the lots assigned to them under the survey.

We do not think that plaintiff was required to make such allegations of nonoccupancy or those involving no prescriptive titles or others to which we have hereinabove referred, in order to sustain her petitory action. The matters for which defendant is contending belong to the defense where they may be properly urged to defeat plaintiff's title.

Plaintiff alleges that she has not since her father's death sold or otherwise disposed of her undivided interest in the land she is claiming from defendant. We find that she has sufficiently set out a cause of action to support her demand. For the reasons above given, the judgment maintaining the exceptions in favor of defendant is erroneous.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed; that the exceptions filed by defendant be and are hereby overruled; that this case be remanded to the lower court to be proceeded with according to law—appellee to pay the cost of this appeal, those below to await the decision of this case.