EAMES v. ALEXANDRIA CONTRACTING CO., Inc., et al.*
No. 4808.

Court of Appeal of Louisiana.
Second Circuit.
May 4, 1934.

Hawthorne & Files, of Bastrop, for appellant.

M'Caleb & M'Caleb, of New Orleans, and Madison, Madison & Fuller, of Bastrop, for appellees.

MILLS, Judge.

Plaintiff brings this action to recover damages for the death of her son, which, in her petition filed September 2, 1933, she alleges to have occurred as follows:

"Alexandria Contracting Company, Inc., a Louisiana corporation with its domicile in the Parish of Rapides, State of Louisiana, J. W. Edwards, a resident of the Parish of East Baton Rouge, State of Louisiana, V. C. McCain, a resident of the Parish of Natchitoches, State of Louisiana, J. W. Thomas and J. O. Clouatre, both residents of the Parish of Morehouse, State of Louisiana, are justly and legally indebted unto petitioner, in solido, in the sum and amount of Fifteen Thousand Seventy-Five and No/100 ($15,075.00) Dollars, with Five Per Cent. (5%) per annum interest thereon from judicial demand until paid, for this, to-wit:

"On or about January 20, 1933, the said Alexandria Contracting Company, Inc., was engaged in the construction of a gravel road in the Parish of Morehouse, east of Mer Rouge, and known as the Mer Rouge-Oak Grove road; in constructing said road said Alexandria Contracting Company, Inc., hired certain gravel trucks for the purpose of hauling gravel from Mer Rouge to said road, and paid a fixed price per yard for each yard of gravel hauled, said price varying according to the distance each particular yard of gravel was hauled. All of said gravel trucks and the drivers thereof were under the direct supervision and control of said Alexandria Contracting Company, Inc., whose officers and foremen told the drivers of said trucks when and where said trucks were to be used, and when and where said gravel was to be hauled.

"On January 20, 1933, V. C. McCain had a gravel truck engaged in hauling gravel for said Alexandria Contracting Company, Inc., as above set forth, which said truck was being driven and operated by J. W. Thomas. The said V. C. McCain was being paid a fixed price per yard for the use of his truck and

driver and he in turn hired the driver and paid his wages, the exact nature of the employment of said J. W. Thomas by said V. C. McCain, being unknown to petitioner, but being well known to defendants herein.

"On January 20, 1933, J. W. Edwards had a gravel truck engaged in hauling gravel for said Alexandria Contracting Company, Inc., as above set forth, which said truck was being driven and operated by J. O. Clouatre. The said J. W. Edwards was being paid a fixed price per yard for the use of his truck and driver, and he in turn hired the driver and paid his wages, the exact nature of the employment of said J. O. Clouatre by said J. W. Edwards being unknown to petitioner, but being well known to defendants herein.

"Late in the afternoon of January 20, 1933, about dark, the foreman of said Alexandria Contracting Company, Inc., instructed said J. W. Thomas, who was driving the said truck belonging to said V. C. McCain, to carry a load of gravel to the aforesaid road, and sent one Berry Robinson, an employee of said Alexandria Contracting Company, Inc., with said J. W. Thomas for the purpose of assisting in the loading and unloading of said truck. As said truck was leaving Mer Rouge the driver thereof invited petitioner's son, Ben Eames, Berlin Holloway, Lawrence Hanks and J. C. Laing to ride on said truck, and the said Ben Eames and Berlin Holloway were riding upon the right running board of said truck, with the knowledge and consent of the driver, and Lawrence Hanks and J. C. Laing were riding elsewhere on said truck.

"In the meantime the aforesaid truck owned by said J. W. Edwards and being driven by said J. O. Clouatre had stopped in the road at a point about three or four miles east of Mer Rouge, headed east, for the purpose of making certain repairs to said truck, said truck being parked without the lights burning, especially the tail light, although it was in the night time, and said lights should have been burning.

"After picking up Ben Eames, and the three other boys, and while petitioner's son, Ben Eames, was riding on the right running board of said truck, as an invited guest, the said truck being driven by J. W. Thomas, proceeded eastward from Mer Rouge at an unusual and unlawful rate of speed, and while so traveling the said truck crashed into the truck driven by said J. O. Clouatre, which was parked in the road as above set forth, and in the collision said Ben Eames and Berlin Holloway were killed.

"The lights on the aforesaid truck driven by J. W. Thomas were defective, and, as above set forth, said truck was traveling at an unlawful and unreasonable rate of speed, and the driver thereof was not exercising due care in the operation thereof.

"The said Ben Eames was exercising no control whatsoever over the truck on which he was riding; the door of the cab of said truck was closed, which made it impossible for said Ben Eames to communicate with the driver of said truck.

"The aforesaid collision occurred in the Parish of Morehouse, State of Louisiana, and was caused by the combined negligence of said J. O. Clouatre, an agent and employee of said J. W. Edwards and said Alexandria Contracting Company, Inc., acting within the scope of his employment, in parking the truck which he was driving in the highway, at night, without a tail light, and by the negligence of said J. W. Thomas, an agent and employee of said V. C. McCain and said Alexandria Contracting Company, Inc., acting within the scope of his employment, in driving the truck which he was operating at an unlawful and unreasonable rate of speed, with defective lights, by not keeping a proper lookout for danger, and by his failure to stop said truck or by his failure to go around the said parked truck which he saw, or which in the exercise of due care and diligence he should have seen in ample time to avoid the collision, the road at the point of the collision being of standard width and being wide enough for said J. W. Thomas to have driven past the parked truck with ease, and said Ben Eames was free from any negligence; and said J. O. Clouatre, J. W. Edwards, J. W. Thomas, V. C. McCain and Alexandria Contracting Company, Inc., are liable, in solido, unto petitioner for the amount of damages herein claimed."

■ An exception of no cause or right of action was filed by defendant Alexandria Contracting Company, Inc., September 13, 1933, argued and submitted October 3, 1933, and sustained November 7, 1933. A supplemental petition was filed October 25, 1933, before the exception was sustained, hence must be considered in passing upon the exception. Faulkner v. Milner-Fuller, Inc. et al., 154 So. 507, this day decided by this court.

The amended petition reads:

"At the time of the collision between the truck being driven by J. W. Thomas and the truck being driven by J. O. Clouatre, all as set forth in the original petition filed herein, petitioner's son, Ben Eames, was riding on' the running board of the truck driven by J. W. Thomas, for the reason that there was no room inside said truck where he might ride; that said J. W. Thomas well knew that he was riding on said running board; that the fact that said Ben Eames was riding on said running board did not contribute in any manner to the cause of the collision or injury herein.

"Both the trucks involved in the said collision were on a mission for Alexandria Contracting Company, Inc., at the time of the aforesaid collision; said trucks and the drivers thereof were under the direct supervision and control of said Alexandria Contracting Company, Inc., at the time of said collision, the said drivers were acting within the scope of their employment at the time of the collision, and were under the control of said Alexandria Contracting Company, Inc., both as to the results to be obtained, and as to the means by which such results were to be accomplished.

"Both of the trucks involved in said collision were loaded with gravel at the time of said collision, which said gravel was being hauled for said Alexandria Contracting Company, Inc.

"Petitioner reiterates all the allegations of the original petition filed herein."

This case is before us on the appeal of plaintiff from a judgment sustaining the exception of no cause or right of action.

■■ The first ground urged by the exceptor is that Thomas and Clouatre were not the employees of exceptor but of McCain and Edwards, independent contractors.

The petitions do allege that the drivers were under the direct supervision and control of the exceptor both as to the results to be obtained' and as to the means by which such results were to be accomplished, that the trucks were on a mission for the Alexandria Contracting Company, Inc., at the time of the collision, and that the drivers were acting within the scope of their employment. These allegations are mere conclusions. The facts alleged from which they are drawn determine whether or not a cause or right of action is stated. State v. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772.

These facts as alleged are: That the Alexandria Contracting Company, Inc., was engaged in constructing a gravel road in Morehouse parish; that it hired certain gravel trucks to haul gravel from Mer Rouge to said road at a fixed price per yard of gravel hauled; that exceptor's foreman and officers

told the drivers when and where said trucks were to be used, and when and where said gravel was to be hauled; that the two trucks involved were hired from V. C. McCain and J. W. Edwards, were engaged in hauling gravel as above set forth, were driven and operated respectively by J. W. Thomas and J. O. Clouatre, who were in turn employed and paid by McCain and Edwards; that on the afternoon of the accident the foreman of the Alexandria Contracting Company, Inc., instructed Thomas, who was driving the McCain truck, to carry a load of gravel to the aforesaid road, and sent one Berry Robinson, an employee of the contracting company, to assist in loading and unloading the truck.

It is apparent then that McCain and Edwards contracted with the Alexandria Contracting Company, Inc., to haul gravel for it from Mer Rouge to the job for so much per yard. They were to furnish their own trucks and select and pay the drivers. The only acts of control or supervision exercised over the hauling by the contracting company were to designate when the hauling was to be done; it being alleged that the gravel was contracted to be hauled from Mer Rouge to the job.

There is much confusion in our jurisprudence on the subject of independent contractors. We think the late case of Beck v. Dubach Lumber Co. et al., 171 La. 423, 131 So. 196, which reviews the previous decisions, is controlling.

In that case the contractors had absolute and exclusive control of the cutting and delivery of the timber. They furnished their own teams and logging outfit. They employed their own labor. The laborers were carried on their pay rolls, and the wages were fixed and paid by them. The mill company had no supervision over the cutting and hauling other than to fix the dimensions of the saw logs, to scale and pay for the timber hauled, and require that the contractors comply with the terms of their agreement. 'Such general supervision does not affect the relation of independent contractor. In that case, as in the present one, it is not pretended that defendants themselves committed any acts of negligence. In the present case it is specifically set out that such acts were committed by men selected, employed, and paid by McCain and Edwards. In the Beck Case defendants were held to be independent contractors. We are not able to distinguish the facts in that case from those alleged in the present one, and therefore conclude that the exception of no cause or right of action was correctly sustained as to Alexandria Contracting Company, Inc.

The three cases reported in 5 La. Appeals Reports, Alexandria v. Latimer, page 41; Beebe v. McKeithen Construction Co., page 179; and Powell v. Spencer Bros., page 218, are clearly differentiated from that before us. They all arose under the Workmen's Compensation Act (Act No. 20 of 1914, as amended); the employment arrangement was direct between the employer and the person hauling the gravel. In the first two, the routes to be taken were designated by the employer, while in the third the employee was subject to discharge by the party having the hauling done. All three were decided prior to the Beck decision and rely upon cases reviewed in that opinion.

Finding the exception correctly sustained on the independent contractor issue, it is not necessary to consider the others presented.

The judgment appealed from is affirmed.