## CLARK v. SOUTHERN KRAFT CORPORATION.

### No. 6281.

Court of Appeal of Louisiana. Second Circuit.

Nov. 29, 1940.

Rehearing Denied Jan. 13, 1941.
Writ of Certiorari Denied March 3, 1941.

James T. Shell, Jr., of Bastrop, for appellant.

Madison, Madison & Files, of Bastrop, for appellee.

HAMITER, Judge.

This action is ex delicto in nature and is brought by plaintiff against his former employer, Southern Kraft Corporation. He claims damages under Article 2315 of the Revised Civil Code of Louisiana for injuries and attending disability which, as he alleges, had their incipiency as a result of and while he was engaged in his employment with said defendant. No demand for compensation under the Louisiana Employers' Liability Act is included in the suit.

For a cause of action, the following averments are made in the petition:

"That your petitioner has, for more than the past six (6) years, been employed by said company at one of its plants in Bastrop, Louisiana, known as the 'Bastrop' or 'Old' mill, said particular mill having been constructed in about the year 1923, and having been operated since that date.

"That your petitioner was employed to work and actually worked, for the past six years, in which is known as the beater room of said mill, that being the room or place where the elements which finally produce pulp are treated with acids, liquor and other chemicals as part of the production process; and, that in the performance of his duties it was necessary for petitioner to stand near and come in close contact with the beaters which contained said acids, liquor and other chemicals.

"Petitioner now shows that for the past several years the said beaters with which he was forced to come into close contact have been broken and in a bad state of repair; that same constantly leaked because of their damaged and broken condition, thereby causing the acid, liquor and other chemicals contained in said beaters to run

out and stand on the floor of the room where petitioner, in the proper performance of his duties, was required to remain and perform his work; and, that in the course of his employment, it was necessary for petitioner to walk and stand on the floor where these acids and other chemicals had accumulated and handle objects in the beater room that had become saturated with the chemicals and acids that had leaked from the broken and damaged beaters; and, that as a result thereof, petitioner sustained certain injuries as hereinafter set forth.

"Petitioner further shows that the substance, as above described, that leaked from the broken and damaged beaters and in which petitioner was forced to walk and stand contained chemicals that were dangerous and harmful to the human body, and were chemicals which, when constantly applied to the human body, would cause injuries of the nature petitioner sustained, all as hereinafter set forth; and, that such fact was well known or should have been well known to said Southern Kraft Corporation, its agents and employees in charge.

"Petitioner now shows that as a result of constantly walking and standing in said acids and chemicals that had leaked onto the floor from the broken beaters and constantly handling objects that had become saturated with said chemicals that had run out of the broken places in said beaters he devoloped the following condition and sustained the following injuries:

"A callous condition of both hands and both feet, which condition caused both hands and both feet to crack open and become extremely sore and tender. That said callous condition is such that both hands and both feet are extremely sore at all times, and, as a result, he cannot close his hands or walk on his feet without suffering severe pain and discomfort. That petitioner has received medical treatment for said condition but has not been able to obtain any relief whatever, and both hands and both feet continue to crack open and remain extremely sore and tender.

"Petitioner further shows that the aforesaid injuries, together with the resultant condition, are permanent conditions and conditions from which he will never recover or be able to obtain any relief whatever; that he can perform no kind or type of work on account of same; and, being an uneducated colored laborer only, he has thus been rendered totally and permanently disabled to engage in any occupation or perform any work for compensation or profit.

"Petitioner further shows that said Southern Kraft Corporation and its agents and employees in charge, well knew or should have known that the said beaters were leaking by reason of their broken condition and bad state of repair, but that regardless of this fact it failed, refused or neglected to repair same or place said beaters in a proper and safe condition; that said company well knew or should have known that your petitioner was required to work in the substance that had leaked from the faulty and broken beaters and that same would result in the harmful effects of a permanent nature hereinabove described, but that regardless of this fact, said company failed, refused or neglected to inform petitioner of the certain consequences, advise him to take proper precautions under the existing circumstances, provide him with a safe place within which to perform his duties or supply him with proper safe-guards to protect himself from injury, but, on the contrary, allowed said unsafe condition to exist in violation of its duty to petitioner; all of which was a violation by said company of the duty imposed upon it by law and constituted gross negligence on the part of said Southern Kraft Corporation and was the proximate cause of the injury.

"Petitioner further shows that said company allowed said condition to exist when the existence of such a condition was neither customary in such a business or necessary; that said company could have kept the said beaters in proper repair and it would not then have been necessary for petitioner to have come into contact with the acids and chemicals that leaked from them, and, thereby, petitioner would have been provided with a safe place within which to work and no injury would have been caused.

"Petitioner now shows that he is an uneducated and ignorant colored laborer and that he did not know that working under the aforesaid conditions would cause injury; that had he known of same, he would not have worked in the beater room; but, not having been advised of the consequent ill effects, he did not know what precautions to take or that any were necessary for his protection.

"That petitioner last worked for said Southern Kraft Corporation in October of 1938, at which time he left said employment due to the fact that the mill closed operations for a few months, but that the injuries and conditions he now complains about did not exist or develop and he did not know of same until March 15, 1939, at which time he submitted himself to treatment by physicians in the City of Bastrop, Louisiana, who were employed by said Southern Kraft Corporation and explained his condition to them and received treatment therefor; and, that said Southern Kraft Corporation at that time was fully advised of his condition."

The prayer of plaintiff is for judgment against defendant in the full sum of $10,000, together with legal interest thereon, and for all costs of suit.

The action was dismissed and plaintiff's demands rejected under a judgment of the district court sustaining exceptions of no cause and no right of action tendered and filed by defendant; and plaintiff prosecutes this appeal.

The exceptions, as pointed out by defense counsel in their brief, are predicated upon the contention "that plaintiff having alleged an injury arising out of an act within the course of his employment, in a hazardous occupation, his cause of action comes under the compensation act, and the remedies prescribed thereunder are exclusive"; and this contention calls in question the provisions of Section 34 of the mentioned workmen's compensation statute, being Act 20 of 1914 as amended by Act 38 of 1918, which reads: "The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this act shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, relations, or otherwise, on account of such injury."

Necessarily, our present consideration of the case is based entirely on the well pleaded allegations of fact of the petition; and these, for the purpose of the exceptions, are to be taken as true. The matter of whether or not on the trial of the merits the allegations can be substantiated by adequate proof is of no concern.

It is provided in Section 2 of the above mentioned statute, as last amended by Act 85 of 1926, that if an employee (appropriately employed) "receives *personal injury* *by accident* rising out of and in the course of such employment his employer shall pay compensation in the amounts and on the conditions and to the person or persons hereinafter provided."

Section 38 of the statute, as last amended by Act 38 of 1918, states: "The word 'Accident,' as used in this act shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event happening, suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury. The terms 'Injury' and 'Personal Injuries' shall include only injuries by violence to the physical structure of the body and such diseases or infections as naturally result therefrom. The said terms shall in no case be construed to include any other form of disease or derangement, howsoever caused or contracted."

As a prerequisite to the recovery of compensation, the courts of this state, in the interpretation of said Sections 2 and 38, have often held that the employee must prove an accident occurring within the scope and course of his employment and also show a causal connection between such accident and his injuries and disability.

The allegations of fact of plaintiff's petition do not disclose that the injuries complained of resulted from an accident within the meaning and intendment of the statute. There was no event happening suddenly or violently with which they had a causal connection. It does not appear that plaintiff possesses injuries caused "by violence to the physical structure of the body" or "diseases or infections as naturally result therefrom." Consequently, he has expressed in his petition neither a cause for nor a right to workmen's compensation; and, according to his allegations, he is not entitled to it.

With this conclusion reached, it must be said that the afore quoted Section 34, which speaks of the exclusive right and remedies of an employee, is not here applicable; for the provisions thereof, as they specifically state, are to be invoked "on account of a personal injury for which he [employee] is entitled to compensation under this act * * *."

If the claim of plaintiff, therefore, is not within the compensation statute, certainly he may enforce his rights under the general law of torts, as he seeks to do in

this action. On this point, the case of Boyer v. Crescent Paper Box Factory, Inc., 143 La. 368, 78 So. 596, seems pertinent. That was an action under the provisions of Civil Code, Article 2315. Damages were awarded plaintiff by the trial court, and defendant appealed. The opinion of the Supreme Court, on the original hearing there, commenced with the following language: "While plaintiff was in the dressing room of the defendant's factory getting ready to go home after her day's work, her hair got caught in some machinery, and she was scalped. There can be no serious question but that she would be entitled to heavy damages were it not for Act 20, p. 44, of 1914, known as the Employers' Liability Act. She denies that her case comes under this act; and, in the event that it does, she contends that the act is unconstitutional." On a rehearing, the judgment of the trial court was affirmed, and in support of the decree the following was said:.

"Further consideration has led to the conclusion that plaintiff's suit in damages must be sustained, and that the case is not controlled by or provided for in the Employers' Liability Act, No. 20 of 1914, p. 44.

"Defendant excepted to the action for damages, and denied liability for compensation.

"The law guarantees life, liberty, and property to every person, and provides courts wherein one may have adequate remedy for injury done him in his rights, lands, goods, person, and reputation; and it obliges him, through whose fault an injury happens to another, to repair it.
* * *

"Effie Boyer may be said to have sustained a personal injury 'producing temporary total disability to do work' while she was in the hospital undergoing medical treatment after the accident to her. But she has sustained greater injury than a temporary disability. She has been deprived of her scalp. Such a condition cannot be termed a temporary disability, or a 'disease or infection naturally resulting from the injury.' She is not 'entitled to compensation under this act' for the injury which she has sustained and which she now bears. Her right to damages, or to compensation, is not provided for in the act. The act only restricts the rights and remedies to those employed under the act, where it provides that compensation shall

be made for personal injuries which affect the earning power of the employé.
* * *

"The Compensation Act did not provide for compensation for the injury suffered by plaintiff, and she is not therefore entitled to compensation under that act. Her right to damages is not attempted to be excluded by the act. The rights and remedies given in the act are declared to be for a 'personal injury for which he (she) is entitled to compensation under this act.'.

"The claim of plaintiff not being embraced within the terms of or governed by the Employers' Liability Act was properly made under article 2315, C.C."

■ Being of the opinion that plaintiff herein has a right of action, we must next determine the question of whether or not he has set forth a cause of action under the general tort law. It is our belief that such has been done. According to the petition's allegations of facts, plaintiff was injured as a result of gross negligence on the part of defendant, particularly in that it failed in its duty to provide a safe place in which to perform his work or to furnish safe guards that would protect him from injury. Furthermore, there is nothing in the petition to indicate that the injuries and disability resulted from a failure of duty on plaintiff's part or from other reasons appropriate to special defenses in actions of this kind.

The case of Faulkner v. Milner-Fuller, Inc., La.App., 154 So. 507, is relied on by plaintiff, while defendant relies upon Jackson v. Southern Kraft Corporation, La. App., 183 So. 135, both decided by this court.

In the Faulkner case, plaintiff, an employee, sued for workmen's compensation and grafted to his petition, alternatively, a demand for damages under Article 2315 of the Civil Code. While exceptions of no cause and no right of action were being considered by the district court, an amended petition, designed to meet the defects in the petition against which the exceptions were directed, was filed. The same sort of exceptions were filed as to the amended petition. All exceptions were sustained. This court held, on appeal by plaintiff, that the alternative demand, as amended, would disclose a cause of action under Article 2315 of the Revised Civil Code. We said therein [154 So. 510]: "It is alleged that defendant knew, or should have known,

that the fumes given off from the paints, lacquers, etc., used in painting and embellishing repaired automobiles, were dangerous and would cause permanent injury or death to workmen inhaling same; that it was not only customary for employers to provide their employees engaged in applying said liquids with gas masks to protect them from the dangers of injuries resulting from inhaling said fumes, but that it was their duty to do so; that such gas mask or other protection from said injury was not furnished him by defendant; and that he was ignorant, until too late, of the fact that said fumes or chemical emanations when inhaled would work injury to a person, such as he has experienced. Summarizing, plaintiff charges defendant with a certain duty to him as its servant, that that duty was breached, and that, as a result of its breach, he has suffered injury for which he should be compensated in damages. Under the well-recognized doctrine that the master is bound to furnish his servant with a safe place in which to work and provide him with safe and adequate implements and appliances with which to do his work, the petitions disclose a cause of action."

In the Jackson case workmen's compensation was originally sued for, but by amended petition, in the alternative, a demand for damages under Article 2315 of the Civil Code was made. The amended petition in the lower court was excepted to as disclosing neither a cause nor a right of action, on the ground that the rights and remedies established by the Employers' Liability Act in favor of an injured employee or his dependents are exclusive of all others. The exceptions were sustained. The case was tried on its merits and the demand for compensation rejected. On appeal to this court, the ruling on the exceptions was upheld and judgment on the merits affirmed. In the final analysis, we held that even though it be conceded that plaintiff's eyesight became impaired from constant exposure to heat, glare and flames from the furnaces he attended, he was still without right of action under the Employers' Liability Act because his disability resulted from an occupational disease which is not compensable under the laws and jurisprudence of this state.

In passing, certain statements were made in the Jackson case contrary to what was held in the Faulkner case. To set the matter at rest we now reaffirm the Faulkner

case as being a true exposition of the law of this state on the questions therein passed upon.

For the reasons above assigned, the judgment of the district court is reversed and set aside, the exceptions of no cause and no right of action are overruled, and the case is remanded for further proceedings according to law.

Costs of this appeal shall be paid by defendant, while all other costs shall await the final determination of the case.