In the early part of the night on December 13, 1938, a Ford automobile owned by Chester A. Hoagland and being operated by his wife, Mrs. Ida Hoagland, ran into the rear end of a log truck owned by Joel Speights. The truck was alleged to have been parked on Louisiana Highway 42, U.S. Highway 71, near the town of Gandy, in Sabine Parish, Louisiana.
It is alleged that there were no lights displayed on the truck and no flares set out, as required by the Highway Acts of this State. As a result of the collision, the automobile was damaged and Mrs. Hoagland and her two guests, Mrs. Kirby H. Miller and Mrs. Lizzie Wilson, received personal injuries. Chester A. Hoagland instituted suit for the damages to his car and the three occupants of the car, who were injured, filed separate suits to recover damages for their personal injuries.
They alleged that the logs on the truck at the time were owned by defendant, Wyatt Lumber Manufacturing Company, Inc., and that the truck was owned by Joel Speights and was being driven at the time by John Woodle. They further alleged that Speights was an employee of defendant and that the truck and trailer were at the time of the accident being used by defendant, through its agent and employee, in hauling logs to the defendant's mill and that John Woodle, the driver of the truck at the time was performing duties incidental to the business of defendant.
Several exceptions were filed, which we find unnecessary to pass upon.
The first defense urged is that Joel Speights was an independent contractor and the relationship of master and servant did not exist between it and Speights, therefore, it was not liable for any negligence of Speights or his employee, Woodle. If this defense is sound, it will be unnecessary to discuss the others urged. We will therefore determine this issue first.
There is no dispute over the facts governing the relationship between Speights and defendant. The dispute is over the conclusion to be reached based on the facts. The lower court's conclusion was in favor of the plaintiffs in all four cases and defendant is now prosecuting this appeal.
Speights entered into a verbal contract with defendant to haul logs from the tract of timber owned by defendant to defendant's mill. The agreed price to be paid for this service was $4 per thousand feet. Defendant had the logs sawed in the woods and furnished teams to be used in loading the logs on the truck. Speights operated his own truck and paid all expenses incurred, up-keep and also oil and gas used in operating the truck. When for any reason Speights could not drive his truck, he employed and paid a driver without consulting or notifying the defendant. He did not have any regular time or days for hauling. He could make as many or as few trips as he pleased, and could load his truck in any manner he wished. Whenever Speights could secure more lucrative employment for his truck, he accepted it and only hauled logs for defendant when he had no other work by which he could earn more money.
The record is silent as to when Speights was paid by defendant other than on one occasion when he sent John Woodle, his driver, to defendant to collect $25 owed to him at that time. The money was given to Woodle who delivered it to Speights. Although Woodle had driven for Speights *Page 567 
on numerous occasions, there was never any complaint by defendant. Plaintiff urges this as an acquiescence by defendant of Speights' action in employing Woodle. It can be, under the facts of this case, urged by defendant that no complaint was made because defendant was without right to complain under the relationship existing between it and Speights. Speights had the right to cease hauling for defendant entirely at any time and defendant had the right to order him not to haul any more whenever it so desired. However, this fact alone cannot control in deciding the relationship that existed between them for when all the facts are considered, which must be done (Dick v. Gravel Logging Company, Inc., 152 La. 993, 95 So. 99), it seems clear that defendant was without right to control the actions of Speights in performing the services contracted for, the manner in which he performed them or the time within which they were to be performed, and without this right in defendant, Speights could not be an employee but was an independent contractor. Speights could haul how, when or if he pleased to do so. Goetschel v. Glassell-Wilson Company, 13 La.App. 424, 127 So. 81; Moffet v. Koch, 106 La. 371, 31 So. 40; Dick v. Gravel Logging Company, supra; Gallaher v. Ricketts, La.App., 187 So. 351; Taylor v. Victoria Navigation Company, La.App., 176 So. 519.
Plaintiffs rely upon the following cases to sustain their position that Speights was an employee of defendant: McKay v. Crowell Spencer Lumber Company, La.App., 189 So. 508; Gallaher v. Ricketts, supra; Taylor v. Victoria Navigation Company, supra; Davidson v. American Drug Stores, Inc., La.App., 175 So. 157.
In the first case relied on by plaintiffs the court found that Carver, an independent contractor with defendant, had supervision over plaintiff, his employee, in that he had authority to direct plaintiff where and when to pick up logs and where and when to deliver them. In this respect the case differs widely from the one at bar. The other three cases are easily differentiated on the facts from the case at bar. In each case the court found that defendants had the right to exercise control over the manner or time of performance of the work.
We therefore conclude that Joel Speights was an independent contractor and not an employee of the defendant and that John Woodle was an employee of Speights and not of defendant. It therefore follows that defendant cannot be held liable in an action ex delicto for the negligence of Speights or Woodle.
The judgment of the lower court awarding judgment for plaintiff is erroneous and is now reversed, and plaintiff's demands are rejected at her costs, in both courts.