Lonnie D. Chriceol, a teen-age youth, was seriously injured on November 20, 1939, when struck by a Chevrolet log truck that was being driven by one Joe Moore along the Girard-Oak Ridge Highway in Richland Parish, Louisiana.
In this suit, brought for the use and benefit of said minor by his mother, plaintiff seeks judgment against Cochran Franklin Company, Inc., the only defendant impleaded, for the damages sustained as a result of the accident.
It is charged in plaintiff's petition:
"That this accident was due to the entire carelessness and negligence of Joe Moore, who at the time of the accident was in the usual course of his employment with the defendant company, Cochran Franklin Company, Inc. That the said Joe Moore was doing his usual duties of hauling logs from a tract of timber owned by the defendant and was being cut under the supervision of one of its employees, H.L. Bynum, and delivering said logs to the defendant company's mill at Holly Ridge, Louisiana. That at the time of the accident he was coming from the mill at Holly Ridge and going back to the tract of timber to get a new load of logs, and that, therefore, said defendant, Cochran Franklin Company, Inc., is liable to your petitioner in damages."
Defendant, in its answer, disclaims all responsibility for such injury, and specifically denies that the said Joe Moore was in its employ at the time of the accident.
There was judgment in the district court rejecting the demands of plaintiff and dismissing the suit; and from it she appealed.
The sole question presented by the appeal, as the briefs of both counsel disclose, is whether or not the said Joe Moore, when the accident occurred, enjoyed a relationship with the defendant of an employee.
The defendant corporation owns and operates a saw mill in Richland Parish, Louisiana. Six or seven miles from the mill are several tracts of timbered land, the titles to which stand in the names of Rich Lands, Inc., and Holly Ridge Farms, Inc. The stockholders of these corporations and of the defendant company are the same.
About September 1, 1939, a verbal contract was entered into by and between H.L. Bynum, a logging contractor of about twenty years experience in that vocation, and the defendant corporation, under which the former obligated himself to cut timber from the mentioned tracts of land and haul it to defendant's mill. For his work he would receive an agreed price per thousand feet of logs on delivery.
There is testimony in the record that the agreement provided for a sale of the timber by the land holding corporations to Bynum and then a further sale of it, after the cutting and hauling, by Bynum to defendant; however, as the three corporations had identical stockholders and no money passed until delivery of the logs, it is apparent that this arrangement amounted to no more than a paper transaction, and was adopted for the convenience of the company's records.
All equipment and labor needed in the logging operations, that is, in the fulfillment of the described contract, were furnished or arranged for by Bynum. Defendant provided none; neither did it advance any funds in furtherance of the undertaking. Its only obligation under the agreement was to pay when the timber was delivered, and, except for designating the kind and size of logs needed, this was all that it did.
Bynum employed six or eight men for the actual cutting. He directed their work and paid them. The hauling and loading was performed by Joe Moore, under a contract made with Bynum, at a stipulated rate per thousand feet on delivery of the logs to defendant. The necessary loading and hauling equipment, including the truck that struck and injured plaintiff's son, was owned by Moore. Bynum paid Moore for his part of the work and the latter cared for the wages of his helpers and the costs of operation of his equipment. Moore was privileged to make as many hauling trips, and at such times, as he saw fit; his compensation being determined by the amount of timber delivered at defendant's mill. *Page 35 
No workman engaged in any part of the logging operations was carried on the pay roll of defendant, and none received any wages from it. Neither were the activities of the cutters, loaders or haulers, nor the efforts of Bynum conducted under its specific direction.
It is to be seen from the foregoing facts that defendant had only the right to general supervision over the timber furnishing engagement undertaken by Bynum, this being its fixing of the specifications and dimensions of the desired saw logs; and under the authority of Beck v. Dubach Lumber Company, Ltd.,171 La. 423, 131 So. 196, we must hold that Bynum's relationship with defendant was that of independent contractor. Consequently, the truck operator, Joe Moore, was not its employee or agent.
The doctrine of the Beck case has been subsequently applied in Eames v. Alexandria Contracting Company, Inc., et al., La.App., 154 So. 510; Crysel et al. v. Gifford-Hill Company, Inc., La.App., 158 So. 264; Merritt v. E.L. Bruce Company et al., La.App., 166 So. 195; and Miller v. Wyatt Lumber Manufacturing Company, Inc., La.App., 3 So.2d 565.
Counsel for plaintiff cites and relies on Coon v. Monroe Scrap Material Company et al., 191 So. 607, decided by this court. That case provides a factual situation that is easily differentiated from the one instantly being considered, and is clearly inapplicable here. In the conduct of the undertaking therein described, the defendant furnished all needed equipment, advanced the required cash money, and had the right and power of direct control over the work.
There is evidence in the record showing that defendant paid some money to the injured youth's mother following the mishap, but this alone is not indicative of liability. Defendant's president, George B. Franklin, explains the incident in the following testimony:
"The day after the accident Mrs. Moore called up and told me — she got me on the `phone from the hospital — saying our truck had run over her boy and she needed fifty or a hundred dollars, I don't remember which she said, to please send her that money over there. I told Mrs. Moore over the telephone that we had no record of any accident by any of our trucks hitting anybody and asked her where the accident occurred and she told me and then I began to check into it and found out that Joe Moore worked for Mr. Bynum. I did write Mrs. Moore a letter and told her we were extremely sorry the accident had occurred, and no doubt she did need a little money, and sent her a check for fifteen dollars. It strictly was a spirit of charity and there was no responsibility as far as Cochran Franklin is concerned."
We find no error in the judgment of the district court, and it is affirmed.