SAVOY, Judge.
This case was consolidated for trial with that of Roberts v. Providence Washington Insurance Company et al., La.App., 242 So.2d 11, decided this date. Separate decrees have been rendered.
Murriell Cummings filed this tort suit individually and as the administrator of the estate of his minor son, Murriell R. Cummings, to recover damages and medical expenses incurred as a result of injuries received by his son in a collision between a Volkswagen and a truck-trailer on or about January 6, 1969, on U. S. Highway 165 some four miles north of Pineville, Louisiana. His son was a passenger m the Volkswagen which was owned by Douglas Sellers and being operated by Gary A. Sellers, the minor son of Douglas Sellers, in a northerly direction. Also injured in the collision was Don Roberts, the minor son of Homer Roberts, who was also a passenger in the Volkswagen. At the time of the accident the Volkswagen was attempting a left turn off the highway into a private driveway; and the truck-trailer, owned and driven by Ray Thornhill, was executing -a passing maneuver also heading in a northerly direction.
After three supplemental and amending petitions were filed by plaintiff, the following defendants evolved:
(a) Providence Washington Insurance Company, the liability insurer of Ray Thornhill, the driver and owner of the truck-trailer;
(b) Employers Mutual Fire Insurance Company, the liability insurer of Douglas Sellers, the owner of the Volkswagen;
(c) Ray Thornhill, the owner and driver of the truck-trailer;
(d) Douglas Sellers, the owner of the Volkswagen;
(e) J. D. Lacy Livestock Order Buying Company, a partnership which was allegedly the employer of Ray Thornhill;
(f) J. D. Lacy, Arthur Lacy and Albert Lacy, the individual partners of J. D. Lacy Livestock Order Buying Company; and
(g) The Phoenix Insurance Company, the liability insurer of J. D. Lacy Livestock Order Buying Company.
A motion for summary judgment was filed on behalf of J. D. Lacy Livestock Order Buying Company, its individual partners, J. D. Lacy, Arthur Lacy and Albert Lacy; and on behalf of its liability insurer, The Phoenix Insurance Company, on the grounds that Ray Thornhill was not an employee of either the J. D. Lacy Live *10 stock Order Buying Company or its individual partners; and that the policy of insurance issued by The Phoenix Insurance Company to J. D. Lacy provided no insurance coverage for Ray Thornhill or the truck-trailer operated by Ray Thornhill at the time of the alleged accident.
After a hearing on the motion for summary judgment the trial judge maintained the motion stating that Ray Thornhill was an independent contractor rather than an employee of J. D. Lacy Livestock Order Buying Company; and that since the Lacy Company was entitled to summary judgment, its insurer, The Phoenix Insurance Company, was also without liability and entitled to the same motion for summary judgment.
Plaintiff appealed from the summary judgment, contending that the trial court erred in holding that Ray Thornhill was an independent contractor; and that the decision was in conflict with the case of Amyx v. Henry & Hall, et al., 227 La. 364, 79 So.2d 483 (1955). Defendants answered the appeal alleging that the judgment was correctly decided, and that Ray Thornhill had complete control of his employment situation and was, in fact, an independent contractor.
In the Amyx case, supra, the plaintiff’s gravel truck was involved in a collision with another gravel truck owned by one Guin and McCart. Suit was instituted against Guin, McCart and also against Henry & Hall as the alleged employer of Guin and McCart. Henry & Hall denied it was the employer of Guin and McCart, and expressly averred that Guin and Mc-Cart were independent contractors. The court, in holding Henry & Hall liable jointly with Guin and McCart, stated:
“It is well settled by our jurisprudence that besides other factors, the most important test in determining ‘whether a person employed to do certain work is an independent contractor or a mere servant is the control over the work which is reserved by the employer.’ ”
The court found there was no specific agreement as to any actual undertaking as one unit or as a whole or for any amount of work to be performed at any specified period of time. The court placed emphasis on the fact that either party could have terminated the working relationship at will; that Guin was carried on the weekly payroll of Henry & Hall; and that deductions were made to cover any workmen’s compensation insurance disability benefits that might come due. It added that Henry & Hall carried liability insurance covering all phases of its contract though it did not own nor operate trucks of its own.
Do the facts in the present case justify placing it within the ambit of the Amyx case? We feel not. Without going into great detail, suffice it to say that all of the evidence indicates that Ray Thornhill had complete control at all times of when and where he would engage in his occupation of hauling cattle for different individuals and companies. Although at the time of the accident Ray Thornhill was heading toward Bastrop to pick up some cattle belonging to the Lacys, his testimony shows that he owned his own truck and carried his own liability insurance on same. The deposition further shows that he would engage in hauling of livestock for the Lacy Company on certain days and at certain places and was paid for his services by the load and by the number of miles involved. It also revealed that Thornhill was an independent businessman who had been hauling livestock for numerous individuals and business concerns other than the Lacy Company since 1955. He was not paid any wages or salary and was not furnished any liability insurance for his truck-trailer, nor was any workmen’s compensation premium paid by the Lacy Company. In addition, no income tax or social security taxes were withheld from the money paid to Thornhill for any of his trips. From the very start of each hauling trip Thornhill took complete control of the loading and delivering operations. In the event Thornhill did not wish to haul any of the cattle, he was free to *11 find a substitute or to just inform the Lacy Company that he did not wish to make the trip. The evidence as a whole shows that Ray Thornhill was not an employee of the Lacy Company. The trial judge properly granted the summary judgment in favor of the J. D. Lacy Livestock Order Buying Company, its individual partners and its insurer, The Phoenix Insurance Company.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.