**Mrs. Merle JONES, Administratrix of the Estate of her minor children, Emile Auguste, III, et al., Kevin Auguste, and Velda Auguste**

*v.*

**Joseph L. BECNEL et al.**

**Civ. A. No. 72–2911.**

United States District Court, E. D. Louisiana.

Jan. 9, 1974.

Frederick J. Gisevius, Jr., New Orleans, La., for plaintiff.

A. R. Christovich, Jr., Christovich & Kearney, New Orleans, La., for Joseph L. Becnel, Paul Oubre, and Fidelity and Casualty Company of N. Y.

John J. Hainkel, Jr., Porteous, Toledano, Hainkel & Johnson, New Orleans, La., for St. James Sugar Cooperative, Inc. and Southern Farm Bureau Casualty Ins. Co.

## OPINION

R. BLAKE WEST, District Judge.

In this matter Mrs. Merle Auguste Jones, as Administratrix of the Estate of her three minor children, brought a wrongful death action under Article 2315 of the Louisiana Civil Code against Joseph L. Becnel, Paul Oubre, and their insurer, Fidelity and Casualty Company of New York, and against St. James Sugar Cooperative, Inc. and its insurer, Southern Farm Bureau Casualty Insurance Company. Mrs. Jones and her children are citizens of California, and there was diversity as to all defendants.

The decedent, Emile Auguste, Jr., who prior to his death was the divorced husband of Mrs. Jones and the father of her children, was killed as a result of a highway collision between an automobile being driven by the decedent and a truck owned by Becnel and being driven by Oubre.

Defendants St. James and Southern Farm filed motions for summary judgment on the basis that there was no genuine issue of fact regarding Becnel's status as an independent contractor and that therefore movers could not in law be held liable for damages caused by Becnel or Becnel's employee Oubre.

For the following reasons the motions of St. James and Southern Farm for summary judgment were granted.

### THE UNDISPUTED FACTS

On November 13, 1971, Emile Auguste, Jr. was killed as a result of a highway collision between a tractor-trailer owned by Becnel and operated by Oubre and an automobile operated by Auguste. Becnel was the owner of five trucks and Oubre was his employee. At the time of the accident Becnel, as a part of his trucking business, had contracted with St. James to furnish certain hauling equipment to haul sugar cane from various producers to the St. James plant. Becnel hired his own drivers, furnished his own tractors and trailers, paid Social Security and other taxes and had in effect Workmen's Compensation and automobile liability insurance coverage. He kept his vehicles

stored at a place of his choosing, and maintained and fueled those vehicles. St. James unloaded the vehicles at its plant, with its equipment and employees, and weighed the cane. On occasion, St. James employees advised the drivers of the vehicles as to where they should pick up loads of cane. St. James did not hire or fire any of Becnel's drivers, nor furnish any of the tractors or trailers, nor pay any of the drivers, including Oubre. St. James did not keep the trucks in repair, nor did it fuel the trucks.

Southern Farm did not insure Becnel nor Oubre at the time of the accident complained of. Neither Becnel nor Oubre was an employee of St. James, and the vehicle operated by Oubre and owned by Becnel was not a hired vehicle, nor was Oubre or Becnel a "borrowed servant" of St. James.

## THE LEGAL AUTHORITIES

The only case cited by plaintiff in opposition to the motions of defendants to dismiss or for summary judgment is Hickman v. Southern Pacific Transport Co., 262 La. 102, 262 So.2d 385 (1972), which is clearly distinguishable from the present case. In *Hickman* the truck driver-owner had no other contract than the one with Southern Pacific Transport. In the case at bar the trucker, Becnel, at the time of the incident, owned five trucks, three of which were under contract with St. James during the grinding season but, according to Becnel's deposition, "I haul different things", such as sand, shells, and asphalt.

The facts in the case at bar are much closer to authorities cited by movers, holding that a person in Becnel's position was an independent contractor in relation to St. James and that neither Becnel nor Oubre was a borrowed servant. Alexander v. Frost Lumber Ind., D.C., 88 F.Supp. 516, aff'd 187 F.2d 27 (C. 5, 1951); Cummings v. Providence Washington Ins. Co., 242 So.2d 8 (La. App.1970), writ refused, Feb. 24, 1971, 257 La. 859, 244 So.2d 610; Thompson v. National Surety Corp., 124 So.2d 227 (La.App.1960); Eames v. Alexandria Contracting Co., 154 So. 510 (La.App. 1934).

Of course, the plaintiff's rights against the remaining defendants are unaffected by this decision.