THOMPSON, J.
 

 This is a possessory action involving two lots of ground on West End Boulevard in the city of New Orleans.
 

 The defense is: (1) That the petition does not state a cause of action, in that it alleges
 
 *952
 
 conclusions of the pleader and of law and not ultimate facts showing actual possession ; and (2) that the evidence on the trial of the merits fails to show that plaintiff was in the actual possession of the property, at the time of the disturbance and for one year prior thereto.
 

 The trial judge found against defendant on both contentions, and defendant has appealed.
 

 The pertinent allegations of the petition are: That plaintiff is owner of the property described; that he acquired the property by purchase giving the name of his vendor, date of purchase, and record of deed.
 

 That about November 15, 1928 (the petition was filed March 25, 1929), the defendant, pretending to be the owner of said property, has disturbed your petitioner in the enjoymént of the same by posting signs on said property to the effect that the same would be sold at public auction.
 

 That again about January 17, 1929, the said defendant disturbed petitioner in the enjoyment of the said property by having the same cried out at public auction for sale for his (defendant’s) account.
 

 That your petitioner has had the real and actual possession of the said property at the time when the said disturbances occurred.
 

 That he has had possession of the said property quietly and without-interruption by virtue of his title above set forth for several years prior to the date of the disturbance by defendant.
 

 That by the acts of defendant petitioner has suffered a real disturbance in fact. That less than a year has elapsed since the acts of disturbance, and that petitioner desires to be maintained in possession .of said property.
 

 The prayer is for judgment maintaining and quieting petitioner in the possession of said property.
 

 It is 'conceded that the petition sets out all' of the essential elements necessary- to be alleged in a possessory action, except as to the fact of actual possession at the time of disturbance and for one year previous thereto.
 

 Our conclusion is that the petition is not faulty in the respect contended for. To say that one is in the real and actual possession and enjoyment of property is neither a conclusion nor opinion of the pleader, nor a conclusion of law.
 

 It is an allegation of an ultimate fact. The word “real” is defined by the dictionaries as having actual existence, not theoretical or imaginary. Being according to appearance or claim; genuine, veritable.
 

 “Actual” is defined to be existing in fact, being in existence or action now, existent, present.
 

 When therefore a petition alleges that a person is in the real and actual possession of certain property, it means and can only mean, in legal parlance, that he has dominion ana control of the property. That he exercises a directing, restraining, and governing influence over the property; the right of absolute possession of sovereignty, as distinguished from a mere civil or constructive possession.
 

 In the case of State v. Hackley, 124 La. 854, 50 So. 772, 775, relied on by defendants as a leading case, the state claimed that patents to certain lands were illegally and fraululently obtained and sought to have the titles of subsequent purchasers annulled and canceled on the allegation that the holders of such titles were holders in bad faith. The lower court sustained an exception of no cause of
 
 *954
 
 action, and this ruling was reversed by the Supreme Court on the original hearing.
 

 On rehearing, however, the judgment of the district court was affirmed. A careful analysis of the case will show that it has no controlling effect in the instant case.
 

 In that case the ultimate fact with regard to the third purchasers was their having acquired the lands without valuable consideration, or with notice of alleged fraud in the patentees, and the court found that such fact was not alleged. The mere allegation that the purchasers were holders in' bad faith was not sufficient.
 

 “Even though the patent itself should be invalid, by reason of the alleged fraud of the patentees, the several titles which constitute the chain of title by which the defendants are alleged to hold may be good, and each of them be an insurmountable barrier to the pretensions of the state,!’ citing authorities.
 

 The other cases cited by defendant are not in conflict with the views herein expressed.
 

 On the merits of the case, little need be said. It is shown that the plaintiff leased the property to one Balaske and he was the lessee at the time of the trial in the lower court. The lessee owned and occupied the property adjoining that of plaintiff, and his original purpose in leasing plaintiff’s property was to grow vegetables; but this purpose was changed, and he bought a pony and used the lot for pasturage and grazing purposes. He also stored lumber on the lot and pop boxes. He kept a cold drink stand adjoining the property.
 

 The trial judge thought the evidence sufficient to show real and actual possession in the plaintiff, and so do we.
 

 The defendant complains of the ruling of the trial judge in refusing to hear the evidence of certain witnesses tendered by defendant. Counsel stated what he expected to prove by each of such witnesses, and the facts so stated, if testified to, would not have rebutted the plaintiff’s proof of possession, nor would such evidence have resulted in a different judgment.
 

 [3J Continuous physical and actual possession in the plaintiff is not necessary to sustain a possessory action. Nor is such actual physical possession required to be shown at the time of the disturbance.
 

 The latest expression of this court on the subject is found in the case of Industrial Lumber Co. v. Farque, 162 La. 794, 111 So. 166, wherein we said that under Code of Practice, art. 49, a person disturbed in possession may institute possessory action to recover land by virtue of a civil possession where possession was originally acquired by actual detention of property and preserved and maintained by intention to possess.
 

 The judgment appealed from is affirmed at defendant’s cost.