## CHAPMAN v. HUDGINS.
### No. 4675.

Court of Appeal of Louisiana. Second Circuit.

March 29, 1934.

Anders & Anders, of Winnsboro, for appellant.

Berry & Berry, of Winnsboro, for appellee.

MILLS, Judge.

E. W. Chapman, in a petitory action, claims to be the owner of the north half (N.½) of the northwest quarter (N.W.¼) of the northeast quarter (N.E.¼) of section 31, township 16 north, range 9 east, Franklin parish, La., and sets out in detail his record title. He alleges that Maggie and Joe Hudgins are in possession of the north half of said land without any title or right thereto, and refuse to surrender possession and title to petitioner. He prays to be decreed the owner and entitled to the possession of said land and that defendants be ordered to surrender said possession. Should they fail to obey this order, he prays to be placed in possession.

Maggie Hudgins alone answers, claiming to have been in actual open and continuous possession as owner of the whole forty acres for more than thirty-five years, and asserts title based upon the prescription of thirty years.

Default was duly taken as to Joe Hudgins.

Plaintiff filed a plea of res adjudicata as to the south twenty acres, which was not passed upon by the lower court.

After due trial had, the trial judge found for plaintiff, and defendant Maggie Hudgins has appealed.

It is not questioned that plaintiff has shown a good record title, leaving defendants' prescriptive title alone to be considered. The record shows that Maggie Hudgins has been personally in possession of the land as owner only three years, leaving the remainder of the prescriptive period to be eked out by the possession of her mother and grandmother. The averment in her answer is that "she has been in actual and continuous possession for more than thirty-five years." There is no allegation of possession by her ancestors.

"'Actual' is defined to be existing in fact, being in existence or action now, existent, present. When therefore a petition alleges that a person is in the real and actual pos-

session of certain property, it means and can only mean, in legal parlance, that he has dominion and control of the property. That he exercises a directing, restraining, and governing influence over the property; the right of absolute possession of sovereignty, as distinguished from a mere civil or constructive possession." Ciaccio v. Hartman, 170 La. 949, 129 So. 540.

All attempts to show such possession in her ancestors was properly objected to and plaintiff's rights protected by the objection being made general. We think these objections should have been sustained, as the party cannot, over objection, introduce evidence beyond the pleadings.

██ Excluding the testimony, defendant has only proved a possession of three years. The tacking on of the possession of her mother and grandmother is a conclusion of law to support which the necessary facts must be alleged and proven. State v. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772.

When confronted with the objection, defendant did not seek to amend, but was content to rest her claim upon the record as made up.

We are of the opinion that evidence beyond the actual possession of defendant should have been excluded.

██ The judgment of the lower court in favor of plaintiff is correct, though based upon other grounds. It is therefore affirmed.