This is a suit for an injunction based upon Article 298 of the Code of Practice. The plaintiff, Alfred E. Bonnabel, administrator of the Successions of Alfred Bonnabel and his wife, alleges that the Bonnabel Successions are the owners of a certain strip of land situated in the Parish of Jefferson comprising, in the main, a tract 30 feet wide, and running parallel to the Metairie Road, and lying between that thoroughfare and Bonnabel Place, Brockenbraugh Court, Elmeer and Old Homestead Subdivisions, commonly known as the right of way of an abandoned electric street car line, which right of way was granted by Alfred Bonnabel to Johnson Company on January 25, 1915, and subsequently conveyed to the New Orleans Public Service, Inc., which in turn transferred it to the Police Jury of the Parish of Jefferson; that the Police Jury had been guilty of certain overt acts, such as attempting to lay drain pipes and actually placing sewer pipes on the land and that such acts constituted a confiscation of private property and an attempt to dedicate it to public use without compensation in violation of the State and Federal Constitutions; that the Bonnabels had been in undisturbed possession of the property for a period of more than fifty years, and were entitled to be quieted in their possession. A restraining order was granted against the Police Jury of the Parish of Jefferson, and the individual members thereof, and a rule nisi issued ordering them to show cause why a preliminary injunction should not issue.
The defendants, thus impleaded, filed an exception of no cause and of no right of action, and at the same time answered with reservation and benefit of the exceptions, declaring that the property in question had been the subject of a dedication for public use by an act before Harry L. Loomis, Notary Public, dated June 9, 1916, by Alfred Bonnabel, the then owner for the benefit of the present and future owners of lots situated in Bonnabel Place, and in conformity with a plan of the property so dedicated, attached to the act before Loomis, and recorded in the Recorder's office of Jefferson Parish on June 10, 1916.
In the alternative, the defendants averred that the Police Jury by act before Dufour Bayle, Notary Public, dated November 28, 1939, acquired all of plaintiff's right, title and interest in and to the property in dispute by transfer by the New Orleans Public Service, Inc., of a right of way which it had acquired from Johnson Company, the original grantee of the right of way, and that while said right of way purported to convey only a servitude of the property, as a matter of fact, it had the effect of transferring the property to the defendants in full ownership.
A petition of intervention was filed by certain property holders in Bonnabel Place who joined the defendants in resisting the claim of plaintiff. During the trial of the rule to show cause, which had been issued in connection with the restraining order, many exhibits and much oral testimony was introduced by both parties in an effort to establish the possession as well as the ownership of the property.
Following this hearing the learned Judge a quo recalled the restraining order and dismissed the plaintiff's suit upon the ground that it disclosed no cause or right of action, stating in his opinion that the grant by Alfred Bonnabel to Johnson 
Company conveyed not merely a servitude over the property but — "an absolute title, in fee simple, to this thirty-foot strip across the property which is in contestation in this suit."
As has been stated, this is a suit brought under Article 298 of the Code of Practice. This article reads, in part, as follows:
"The injunction must be granted, and directed against the defendant himself, in the following cases:
* * *
"5. When the defendant disturbs the plaintiff in the actual and real possession which such plaintiff has for more than one *Page 185 
year, either of a real estate or of a real right, of which he claims either the ownership, the possession or the enjoyment."
It will be observed that before the plaintiff can maintain a suit under Article 298 of the Code of Practice, he must allege and prove that he has been in the possession of the real estate for a period of more than one year. The plaintiff herein asserts that the successions of Mr. and Mrs. Alfred Bonnabel have been in undisturbed possession of the property for more than fifty years, and upon the trial of the case testified that the possession had extended for a period of about 150 years. This possession, however long it may have been, terminated by the conveyance of the right of way to Johnson Company in 1915, and perhaps also by the dedication of Bonnabel Place. Consequently, at the time the suit was brought, on March 13, 1940, the plaintiff had been out of possession of the property for a period of more than twenty-five years. The possession referred to in Article 298 of the Code of Practice means the possession next preceding the time of the filing of the action or suit for injunction.
We do not agree with the holding of the District Judge that the petition disclosed no cause of right of action for, we consider that in alleging ownership and possession of the property and the disturbance by the Police Jury, both a right and a cause of action is stated. The situation, however, is unusual for though the case has been decided upon an exception of no cause of action, there is in the record sufficient evidence to enable us to determine plaintiff's right to an injunction without remanding the case. The whole record on the question of possession, the sine qua non of plaintiff's right to an injunction is before us and it consists of the testimony of the plaintiff to the effect that the Bonnabel family had been the owner and in possession of the property for a period of 125 or 150 years, but there is also in the record an admission to the following effect: "It is admitted that Alfred Bonnabel, deceased, Mrs. Alfred Bonnabel, deceased, and their ancestors in title were in possession apparently of the property, the subject matter of this suit, for one hundred years prior to the granting of the right of way to Johnson and Company, Harry Johnson and Company, and the pretended dedication under the Bonnabel map identified as Police Jury 2".
It also appears that the Railway for which the right of way was granted was constructed and operated over the tract of land in question for a period of 6 or 8 years. As we have said, the sole question involved is one of possession. The title is not at issue. In Adams v. Town of Ruston, 3 La.App. 188, it was said: "* * * the question of ownership is one that must be tried by direct action and is not to be determined in an application for a writ of injunction. Code of Practice, Article 44. McCall v. Irion, 40 La.App. 690, 4 So. 859. Anderson v. Carroll, Hay Co., 23 La.Ann. 175. Hardin v. Wolf Cerf, 29 La.Ann. [333] 335. Doherty v. Leake, 24 La.Ann. 224."
The learned judge below recognized this situation for in his reasons for judgment he said: "* * * the Court cannot pass upon the question of title to the property involved, as the parties must be relegated to a petitory action, for the purpose of determining the legal owner of the property involved, if such a question is to be determined, but nevertheless, this question cannot be determined by way of an injunction."
However, in another part of his reasons for judgment he did say that the title to the property was in the Police Jury by virtue of the conveyance of the right of way by the New Orleans Public Service. We mention the error of our brother below in passing upon the question of the title because we would not be understood as approving of his holding in this respect by the affirmation of his judgment. Concerning the ownership of the strip of land, which is the subject of this litigation, we express no opinion.
Our conclusion is that because of the failure and apparent inability of the plaintiff to prove possession of the land for a period of one year or more, next preceding the institution of this suit, the suit must be dismissed.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed. *Page 186