This is a suit by the plaintiff to enjoin the defendant from interfering with his *Page 367 
use of a 10 foot lane between the property of plaintiff and the property of defendant located in the City of Opelousas. The plaintiff owns a lot of ground measuring 78 feet in width by a depth of 236 feet. The defendant owns property west of plaintiff's land, and the latter claims that the lane separates their properties. The plaintiff contends that a former owner of both tracts of land, their common author in title, dedicated for public use a 10 foot lane between the two properties, that is to say, a lane 10 feet wide on the western boundary of plaintiff's property and on the eastern boundary of defendant's property. The plaintiff alleges in his petition that since said act of dedication was made of said lane in 1896, it has been used as a lane by the adjoining property owners as such; that the defendant has caused said lane to be obstructed and denies plaintiff the free use thereof.
A restraining order was asked for by plaintiff and granted by the court prohibiting the defendant, his agents and employees from interfering with or preventing plaintiff from using said lane. Plaintiff also asked for a rule against defendant to show cause why a preliminary injunction should not be issued enjoining defendant from interfering with his use of said lane, and that after trial, said injunction be made permanent.
The defendant filed an exception of no cause or right of action which was referred to the merits by the trial court. In his answer, defendant admitted his ownership of the adjoining property, and admitted plaintiff's ownership of the property described in his petition, but defendant denied that there was any lane between the two properties, and denied that said lane had ever been used as public property. He denied that their common author in title ever dedicated said 10 foot strip as a public lane, and denied that it had ever been so used, but on the contrary, alleged that said strip of land was and had been used by the defendant and his authors in title for their own convenience and for the benefit of the property which he now owns. As alternative pleas, defendant alleged that if it is determined that their common author in title dedicated said lane for the use of the public, the said act of dedication was incomplete and of no effect for the reason that said strip of land was never accepted or used as a lane by any one other than the owners of the property lying west of that now owned by the plaintiff; that in case it is found that said act of dedication was complete, then and in that event, it is alleged that said strip of land had not been used by the public as a lane or passageway for a period of more than 10 years preceding the filing of the suit, and whatever rights of servitude or easement which may have been created by said act of dedication have been prescribed by non-use under the provisions of the Civil Code.
After a trial of the case, the court below rendered a judgment sustaining the exception of no right or cause of action filed by defendant, and dismissed the suit. Plaintiff has appealed.
[1] It is obvious from plaintiff's petition that he is seeking to protect what he claims is the right to enjoy the use of a real right. The right to use a passageway for egress and ingress to real estate is a real right. Civil Code, arts. 646
and 658. The one who has the right to enjoy the use of such passageway may protect that right by an injunction directed against the one who interferes with such right, provided he has been in the actual use and enjoyment of the right for more than one year previous to the filing of the suit. Code of Practice, art. 298, par. 5.
[2] In this suit, plaintiff is not claiming any title to the strip of land, nor does he ask for any judgment decreeing the strip of land to be a public lane dedicated for public use. An injunction will not issue to take property out of the possession of one person and put it into the possession of another where the title to such property has not been established in the person who seeks to divest the other of his possession.
[3, 4] The trial judge maintained the exception of no cause or right of action on the ground that plaintiff did not show possession and enjoyment of the right to *Page 368 
use the lane for the year immediately preceding the institution "of the suit. While we agree with the trial judge that plaintiff failed to prove the necessary use and enjoyment of the lane for the year immediately preceding the filing of the suit, yet we believe the suit should have been dismissed on the merits and not by maintaining the exception. The petition does allege, even though in a rather vague way, that this lane had been used since the act of dedication by the common author in title, and has been regarded and respected by the adjoining property owners as a public lane until such use was interfered with by defendant. This allegation was sufficient to justify introduction of proof on the question of enjoyment and possession of the right on the part of plaintiff for the necessary length of time to justify him in seeking to protect that right by the injunctive process. However, the testimony fails to show that plaintiff has used said lane or has exercised any rights in respect to its use for a year or more preceding the filing of the suit.
About the only testimony to show that the lane has been used indicates that this use was several years ago. It is shown that the strip of land was for some time prior to the filing of the suit covered with weeds and there was no means of access to the lane because of ditches and other obstructions.
When plaintiff acquired his property in 1929, he accepted a deed which described the property as being bound "on the west by property recently purchased by Roger Dufilho." This property is that now owned by the defendant, and nothing was said in plaintiff's deed about a lane on the west of his property. This fact indicates that he did not then consider that there was a lane on the west side of his property and probably accounts for the fact that he did not attempt to use this lane until a short time before he filed this suit.
[5] Counsel for plaintiff contends that he is basing his right to an injunction under paragraphs 1 and 3 of Article 298 of the Code of Practice, and not under paragraph 5 of that Article. In our opinion, neither of these paragraphs will support his injunction. Paragraph 1 provides that an injunction may issue against a defendant when he is in the act of building or constructing some work tending to obstruct a place of which the public has the use. The evidence does not show that the defendant in this case is constructing any work on any property of which the public has the use. The only testimony produced by plaintiff to show an obstruction of this lane by defendant is that the latter parks his truck in the lane, and has prevented plaintiff from using it by telling him he could not use the lane. This certainly could not be construed as the construction by defendant of some work on the alleged public property, as the word work evidently means some building or structure.
Paragraph 3 of said Article 298 of the Code of Practice provides for the issuance of an injunction against the defendant when he has commenced some building or other works on a real estate, the ownership or possession of which is contested by the plaintiff, or pretends that such building or works would be injurious to his interests. It is clear that the testimony does not show that the defendant in this case has commenced a building or other works on a piece of land which plaintiff claims to own or have the right to possess.
[6] The situation in the present case is similar to that in the case of Bonnabel v. Police Jury of Jefferson Parish, La. App., 3 So.2d 183, where the trial court sustained an exception of no cause or right of action. The Court of Appeal affirmed the judgment of dismissal, but based its decision on the ground that the evidence in the record did not show the necessary possession in plaintiff to justify the issuance of an injunction against the defendant. The evidence in this case is in the record, and we are justified in disposing of the case on the merits.
For the reasons assigned, the judgment which dismissed plaintiff's suit is hereby affirmed at his cost in both courts. *Page 369