Morris Rathbun and Ed A. Salassi, alleging themselves to be owners, and, until disturbed by defendant, to be in possession of a one acre tract in Webster Parish, filed on March 11, 1946 this possessory action against L.K. Barney.
Defendant denied plaintiffs' possession, either as a matter of right or in fact, and set forth that he had been in possession of the property since September, 1944, and prayed that plaintiffs' demands be rejected and that his own possession be recognized and maintained.
The district court rendered judgment in favor of the plaintiffs and defendant appealed.
The evidence discloses that in 1923 the one acre tract in question was considered to be part of a place in Webster Parish owned by John Snell on Lake Bistineau; that T. Crichton, Jr., and Judge Robert Roberts, who often hunted ducks and fished on this lake, erected a camp house on the lake shore and acquired by purchase from John Snell a one acre tract including the house; that a portion of the acre was enclosed and the premises were used by these purchasers during the years following for duck hunting and fishing. In 1929 plaintiffs bought the property from Crichton and Judge Roberts and thereafter made constant use of the camp house. After some years they discontinued active use of the camp but permitted Dr. Johnson, who owned a nearby camp, to store furniture *Page 808 
in the house and use it for his caretaker.
The property in contest is near the Webster and Bossier Parish line. Plaintiffs exhibited tax receipts showing that from 1930 through 1945 they paid taxes in Webster Parish on this property assessed as "one acre and club house." Defendant, who lives in Shreveport, based his right of possession to the property on his purchase of a Bossier Parish tract 100 feet wide by 1,000 feet deep on September 19, 1944 from W.T. Fuller and Jasper Goodwill, and the fact that after this purchase he went into possession by going on the tract, where he found the building about to rot down, the door open and no fence around the property. He testified that he swept the dirt from the shack and nailed the door; that he closed it repeatedly after it was forced open on several occasions by campers; that in December, 1944 he gave permission for a group of Scouts, on an overnight hike, to use the premises; that beginning in January, 1945, he permitted one or two members of the Shreveport Police Force to use the camp house at their pleasure and that one member often spent weekends there.
Our study of the record convinces us that the district court's judgment is amply supported by the evidence. Plaintiffs' vendors took physical possession of the property after purchasing it from John Snell in 1923. The plaintiffs, in turn, maintained corporeal possession of the property for some years after purchasing same in 1929, and civil possession thereafter, paying taxes on one acre and club house each year up to time of trial. At no time has the defendant paid taxes in Webster Parish where, according to plaintiffs' deed, the property is located nor did he pay any taxes on the club house in Bossier Parish.
Article 3456 of the Revised Civil Code provides: "But this, which is called the possessory action, must be commenced by the possessor within a year, reckoning from the time when he was disturbed; for if he leaves the person evicting him in possession for one year, without complaint, he shall lose his possession, whatever apparent right he may have had to it, and shall be driven to his action for the ownership of the property."
In Ellis v. Prevost, 19 La. 251, it was held that where a person is disturbed in his possession, he has the right, within a year, and by virtue of his civil possession, founded on his previous corporeal and actual possession, to institute the possessory action to recover it.
Plaintiffs received the first notice of defendant's adverse claim in September, 1945. Suit was filed in March, 1946. Defendant's contention that he had been in possession for more than a year prior to commencement of this action is not sustained by the evidence and plaintiffs' possessory action was properly maintained. Ciaccio v. Hartman, 170 La. 949,129 So. 540; Pittman et al. v. Bourg et al., 179 La. 66, 153 So. 22; Slack v. Coffey, 6 La. App. 312.
The judgment is affirmed with costs.