BLANCHE, Judge.
This is a suit for a preliminary and permanent injunction brought under the provisions of Article 3663 of the Code of Civil Procedure, which provides, in part, as follows :
“Injunctive relief, under the applicable provisions of Chapter 2 of Title I of Book VII, to protect or restore possession of immovable property or of a real right, is available to :
“(1) A plaintiff in a possessory action, during the pendency thereof; and
“(2) A person who is disturbed in the possession which he and bis ancestors in title have had for more than a year of immovable property or of a real right of which he claims the ownership, the possession, or the enjoyment.”
The plaintiff’s cause of action arises under subparagraph (2) of Article 3663, as the action is neither a possessory nor a petito-ry action.[1] The disturbance alleged is the *650 removal of a fence constructed by plaintiffs predecessor in title and the construction of a campsite on property of which plaintiff claims the ownership.
In determining whether the plaintiff is entitled to the relief prayed for, the only issue to be resolved is whether plaintiff had possession of the property for more than a year prior to the filing of the action for injunctive relief.
 It is needless for us to give a resume of the testimony on the question of the nature of plaintiff’s possession. Suffice it' to say that our review of the record convinces us that the trial judge correctly disposed of this factual situation as well as the law applicable thereto with the following comments:
“The Court finds that the defendant began to use the property in question at least since the fence was removed in 1968, and probably before. Thus, for a year immediately preceding their filing of this suit, it was defendant rather than plaintiff who possessed the property. Bonnabel v. Police Jury for Parish of Jefferson, 3 So.2d 183, stands for the proposition that the possession referred to in Code of Civil Procedure Article 3663 is the possession that takes place during the year immediately preceding the filing of suit. Thus, the plaintiff does not have the requisite possession to obtain an injunction under Article 3663. Accordingly plaintiff’s suit for injunc-tive relief will be dismissed at plaintiffs’ cost.” (Reasons for Judgment, Record, p. 31)
Bonnabel v. Police Jury for Parish of Jefferson, 3 So.2d 183 (La.App.Orl. Cir. 1941), referred to by the trial judge, simply applied Article 298(5) of the Code of Practice. This article is the source article of Article 3663 of the Code of Civil Procedure, and no change was made in the law with the adoption of this article of the code. Of Article 298(5) and the present Article 3663 of the Code of Civil Procedure, the Court in Bonnabel stated:
“It will be observed that before the plaintiff can maintain a suit under Article 298 of the Code of Practice, he must allege and prove that he has been in the possession of the real estate for a period of more than one year. The plaintiff herein asserts that the successions of Mr. and Mrs. Alfred Bonnabel have been in undisturbed possession of the property for more than fifty years, and upon the trial of the case testified that the possession had extended for a period of about 150 years. This possession, however long it may have been, terminated by the conveyance of the right of way to Johnson & Company in 1915, and perhaps also by the dedication of Bonnabel Place. Consequently, at the time the suit was brought, on March 13, 1940, the plaintiff had been out of possession of the property for a period of more than twenty-five years. The possession referred to in Article 298 of the Code of Practice means the possession next preceding the time of the filing of the action or suit for injunction.” (Bonnabel v. Police Jury for Parish of Jefferson, 3 So.2d 183, 185)
Plaintiff in brief and in argument alludes to the fact that he had no knowledge of the disturbance of his possession by defendant until the building of a camp-house on the property and that he brought suit within a year of the first knowledge fendant’s removal of the fence at some of such disturbance. He claims that de-time in 1968 was clandestine and that the law does not require him to patrol his fence line to determine the moment someone has disturbed his possession. This argument is made on the premise that plaintiff had possession but that is a fact which he failed to prove in order to be entitled to injunctive relief under the provisions of Article 3363 of the Code of Civil Procedure.
The cases of Rathbun v. Barney, 29 So. 2d 807 (La.App. 2nd Cir. 1947); Ciaccio v. *651 Hartman, 170 La. 949, 129 So. 540 (1930), and Pittman v. Bourg, 179 La. 66, 153 So. 22 (1934), relied upon by plaintiff are all possessory actions and not applicable to the case here to enjoin a disturbance in possession which one has had for more than one year of immovable property of which he claims either the ownership, possession or enjoyment.
Plaintiff has further alleged that in Suit No. 11,330 on the docket of the Twenty-second Judicial District Court of St. Tammany Parish, entitled “John W. T. Knight v. Doris Ann Morgan Linn and Olin Linn,” District Judge Robert D. Jones rejected the claim of Mr. Knight to the same property. The record shows that Mr. Knight was the former husband of the present defendant, Mrs. Cucchiara, and that plaintiff is the successor in title to Mr. and Mrs. Olin Linn. It is further alleged that Mr. Knight and Mrs. Cucchiara acquiesced in the Reasons for Judgment dated July 18, 1955, as they never appealed or applied for a new trial or a rehearing and that Mrs. Cucchiara is now estopped from asserting any rights to the property. The facts further show that an actual judgment was not signed by the trial judge after Reasons for Judgment were rendered on July 18, 1955.
 We have examined the record of the 22nd Judicial District Court in the above matter, and it does involve a suit between the predecessors in title of the same land that is in dispute in the instant case. The record shows that in his Reasons for Judgment the District Judge stated:
“ * * * In view of the unsatisfactory nature of the evidence adduced by the plaintiff in support of his title to the property herein, it is impossible for me to reach a conclusion the plaintiff is the owner of said property. This being a petitory action and the burden being on the plaintiff to establish his title without question, then I feel the only alternative I have in the matter is to dismiss this suit as in case of non-suit.
“Accordingly, for the above and foregoing reasons, I will sign a judgment when presented to me, dismissing this suit as in the case of non-suit, at plaintiff’s costs.” (Reasons for Judgment, Record No. 11,330)
This record does not reveal that a judgment was ever signed dismissing the suit as of nonsuit. Res judicata could not apply to an unsigned judgment, as such a judgment is inchoate until signed. LSA-C.C.P. art. 191L Even if the judgment had been signed, it would not have favored plaintiff, as it would have been as of non-suit as indicated above and as a consequence thereof without prejudice to the rights of either party. LSA-C.C.P. art. 1673.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at plaintiff-appellant’s cost.
Affirmed.

. The Official Revision Comments of Article 3663 of the Code of Civil Procedure, read, in part, as follows:
“(b) Injunctive relief is made available in two separate and distinct types of cases: (1) as an ancillary remedy in a possessory action; and (2) as the relief to be granted in an injunction suit brought to enjoin trespassers and other disturbers, and which is neither a possessory nor a petitory action. See Churchill Farms v. Gaudet, 184 La. 984, 168 So. 123 (1936).”