285 So.2d 792 (1973)
BABINGTON CHILDREN TRUSTS
v.
Vivian EIMER (divorced wife of Mario CUCCHIARA).
No. 53290.
Supreme Court of Louisiana.
October 29, 1973.
Henry A. Mentz, Jr., Mentz & Ford, Hammond, for plaintiff-applicant.
Clint L. Pierson, Jr., Rodrigue & Pierson, Covington, for defendant-respondent.
CALOGERO, Justice.
The narrow legal issue presented in this case is whether plaintiff is entitled to injunctive relief under the provisions of Article 3663(2) Code of Civil Procedure to enjoin defendant from trespassing and encroaching upon, or in any way exercising possession over, a parcel of land adjoining the Bogue Falaya River in the Parish of St. Tammany.
We hold plaintiff is not so entitled and therefore affirm the judgments of both the trial and appellate courts.
Plaintiff, Babington Children Trusts, brought this action against Vivian Eimer, divorced wife of Mario Cucchiara, and widow by earlier marriage of John W. T. Knight, hereinafter referred to simply as Mrs. Eimer. After an adverse judgment in the 22nd Judicial District Court, plaintiff took a devolutive appeal. The First *793 Circuit Court of Appeal affirmed the lower court judgment. Babington Children Trusts v. Eimer, 271 So.2d 648 (La.App. 1st Cir. 1972). We granted writs of certiorari and review, 274 So.2d 390 (La. 1973).
The facts we deem pertinent are as follows: The disputed parcel of ground is a triangular portion of a fifty-foot strip of ground south of certain property presently owned by plaintiff and north of property owned by one Charles H. Mack, the strip being more or less perpendicular to the Bogue Falaya River (see attached map prepared by Robert A. Berlin, Land Surveyor dated November 3, 1966 prepared for the use of Charles H. and Marjorie Mack). The tract north of the strip had been owned by Mr. and Mrs. Olin Linn. Mr. Linn maintained in place a fence which dissected the fifty-foot strip of ground into two triangular portions. The effect of the fence was to attach one of the triangular portions to the estate north of the strip. The fence accordingly took on the appearance of a southern boundary for the property ultimately purchased by plaintiff.
In the year 1951 defendant Vivian Eimer's now deceased husband, John W. T. Knight, filed a petitory action against Mr. and Mrs. Olin Linn claiming ownership of the identical parcel here in dispute. In proceedings # 11330 entitled, John W. T. Knight versus Doris Ann Morgan Linn and Olin Linn on the docket of the 22nd Judicial District Court for the Parish of St. Tammany, Judge Robert Jones, by reasons for judgment, "rendered and signed this 18th day of July, 1955" indicated he "will sign a judgment when presented to me dismissing this suit as in the case of non-suit at plaintiff's costs," in effect denying defendant's husband, Mr. Knight, the relief he sought in the petitory action. The anticipated judgment, for a reason not evident, was apparently never prepared or signed.[1] Mr. Olin Linn survived his wife and died on Tuesday, April 30, 1968. Until his death, Mr. Linn had adversely possessed the disputed parcel, by among other things repairing the fence after sporadic efforts by defendant to remove it, patrolling the property, etc. Approximately two days after the death of Mr. Linn, Mr. Charles J. Babington, a New Orleans attorney, alerted to the possible availability of the Linn tract for purchase, viewed the tract and coincidentally observed the fence on the south side of the property in place. Shortly following this, defendant Mrs. Eimer, aware of the death of Mr. Linn earlier in the week, had the fence removed. Following removal of the fence Mrs. Eimer intermittently used or went upon the disputed parcel. She kept the grass down and her children picnicked from time to time on a portion of the disputed parcel.
Mr. Babington acquired the property owned by Olin Linn from his succession by deed dated May 5, 1969. On June 2, 1969 Mr. Babington conveyed the same property to the plaintiff herein, Babington Children Trusts, trusts apparently created by him for the benefit of his children. From and after Mr. Babington's initial acquisition of the Linn estate on May 5, 1969, until the spring of 1971, Mr. Babington visited this property approximately ten times without ever going upon the disputed parcel. He visited chiefly the house on the north end of the property. Accordingly, he did not discover that the fence on the south end of the property, which he had observed shortly after the death of Mr. Linn, had been removed. In fact, it had been removed prior to his acquisition of May 5, 1969. In the spring of 1971, Mrs. Eimer commenced building a camp at a site on the Bogue Falaya *794 River upon the disputed parcel. At this time, Mr. Mack, owner of the property south of the fifty-foot strip and south of the Linn estate, told Mr. Babington that defendant, Mrs. Eimer was apparently building a camp on the involved property. Approximately six months later, plaintiff Babington Children Trusts filed this lawsuit seeking an injunction under article 3663(2) of the Code of Civil Procedure.
Article 3663 provides injunctive relief to protect or restore possession of immovable property or of a real right to (1) a plaintiff in a possessory action and "(2) a person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property or of a real right of which he claims the ownership, the possession, or the enjoyment." The 3663(2) injunction is made available in a cause of action which is neither possessory nor petitory.[2]
Mr. Babington admittedly never went on or near the disputed parcel after acquisition as his infrequent visits to the property were confined to the north end of the property where the house was situated. Thus he and the Trust never had actual physical possession of the disputed parcel as did Mr. Linn prior to his death. Possession is an indispensible prerequisite to the injunction plaintiff seeks and plaintiff attempts to establish its possession of the disputed parcel under the doctrine that possession of part is possession of the whole. That doctrine requires a title, and presumes that when one has a title, actual possession of part is possession of the whole. La.Civ.Code arts. 3437, 3498. Plaintiff further contends that it has one year from first knowledge of the disturbance of its possession within which to seek the 3663(2) injunction, citing Rathbun v. Barney, 29 So.2d 807 (La.App.2d Cir. 1947); Ciaccio v. Hartman, 170 La. 949, 129 So. 540 (1930), and Pittman v. Bourg, 179 La. 66, 153 So. 22 (1934).
The Court of Appeal dismissed plaintiff's suit be restricting the 3663(2) injunction to the person with actual possession for a full year preceding the disturbance. It rejected plaintiff's attempt to invoke the first knowledge doctrine on the basis that the doctrine was a product of possessory action cases and the plaintiff's was not a possessory action.
We find it unnecessary to decide if the first knowledge doctrine is applicable to a suit seeking the 3663(2) injunction as we find that plaintiff has failed to establish that it had possesion of any sort so as to permit it to claim a disturbance of possession, much less any delayed "first knowledge" of such a disturbance. The record before us does not establish that the title acquired by plaintiff from the Succession of Olin Linn includes the disputed parcel (which appears to be an abandoned street)[3] and plaintiff concedes it had no actual possession. Thus plaintiff has had no possession of the disputed parcel upon which to ground a 3663(2) injunction. Our finding that plaintiff has failed to establish possession in this suit, and incident *795 thereto our determination that plaintiff produced no title upon which to base a claimed constructive possession of the disputed parcel, shall not preclude plaintiff from attempting to establish title in a petitory action, should he choose to institute same.
For the above assigned reasons, the judgments below are affirmed.

NOTES
[1] Plaintiff had argued that Mrs. Eimer was estopped from asserting any right to the parcel of land by virtue of the signed "reasons for judgment" of non-suit. The Court of Appeal properly concluded that "Even if the judgment had been signed, it would not have favored plaintiff, as it would have been as of non-suit as indicated above and as a consequence thereof without prejudice to the rights of either party, LSA-C.C.P. art. 1673." 271 So.2d at 651.
[2] The Official Revision Comments of Article 3663 of the Code of Civil Procedure, read, in part, as follows:

"(b) Injunctive relief is made available in two separate and distinct types of cases: (1) as an ancillary remedy in a possessory action; and (2) as the relief to be granted in an injunction suit brought to enjoin trespassers and other disturbers, and which is neither a possessory nor a petitory action. See Churchill Farms v. Gaudet, 184 La. 984, 168 So. 123 (1936)."
[3] It is interesting to note that in the earlier petitory action brought by Mrs. Eimer's now deceased first husband, the attorney for Mr. Linn, plaintiff's predecessor in title, stated that this parcel was "wholly within the confines of a public street." Unmarked exhibit, record of proceedings # 11330 entitled John W. T. Knight versus Doris Ann Morgan Linn and Olin Linn on the docket of the 22nd Judicial District Court for the Parish of St. Tammany.