| iWOODARD, Judge.
Plaintiffs were awarded penalties and attorneys fees, under La.R.S. 22:1220, pursuant to the trial court’s finding that the defendant insurance company acted in bad faith in handling the plaintiffs’ claim. Defendants appeal.
FACTS
On July 22, 1994, the defendant, Roger Duncan, d.b.a. A-l Portable Buildings, attempted to deliver a portable building purchased by Marion and Annie Sellers. During the course of the delivery, Duncan struck and damaged the septic tank located on the Sellers’ property.
At the time of the accident, the Sellers had in effect a policy of homeowner’s insurance through Allstate Insurance Company [hereinafter “Allstate”]. The cost of the new septic tank totaled $1,785.00. Pursuant to the terms of the policy, Allstate paid the Sellers the full replacement cost of the septic tank, totaling $1535.00, after the Sellers had met their $250.00 deductible.
^Subsequently, Allstate and the Sellers filed suit against Duncan and his liability *37 insurer, Midland Risk Insurance Company [hereinafter “Midland”]. Allstate alleged a claim against Midland arising out of its conventional subrogation rights. The Sellers brought suit to recover their $250.00 deductible. Both Allstate and the Sellers sought penalties and attorney’s fees pursuant to La. R.S. 22:1220.
Trial of the matter was held on July 2, 1996. In its judgment, the trial court found Duncan to be liable for the damage to the septic tank and awarded Allstate $1,535.00 in damages and the Sellers $250.00 in damages. Additionally, the trial court found that, in handling the Sellers’ claim, Midland acted in bad faith pursuant to La.R.S. 22:1220. As such, the trial court awarded an additional $500.00 in penalties to the Sellers along with attorney’s fees of $1,889.93 to Allstate. The defendants now appeal the ruling of the trial court, alleging two assignments of error.
ASSIGNMENTS OF ERROR
The defendants, Midland Insurance Company and Roger Duncan, claim the following two assignments of error:
1. The Trial Court erred in finding Midland was in bad faith and in awarding penalties to the Sellers under LSA-R.S. 22:1220 where Midland had a reasonable ground upon which to dispute the claim.
2. The Trial Court erred in awarding attorney’s fees without a statutory or contractual basis for the claim.
LAW
Bad Faith
In their first assignment of error, the defendants claim that the trial court erred in finding that Midland was in bad faith and in awarding damages to the plaintiffs pursuant to La.R.S. 22:1220. For the following reasons, this assignment of error has merit.
La.R.S. 22:1220 provides, in pertinent part:
A. An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
|3B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer’s duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
Recently, in Theriot v. Midland Risk Insurance Co., 95-2895 (La.5/20/97); 694 So.2d 184, the Louisiana Supreme Court held in relation to the above statute:
[W]e conclude that although a right of action is available to both insureds and third-party claimants under La.R.S. 22:1220, only the commission of the specific acts listed in La. R.S. 22:1220 B can support a private cause for breach of the statute.
*38 Allstate and the Sellers contend that the following acts of Midland entitle them to penalties under La.R.S. 22:1220.
There is little evidence in the record of any actions taken on the part of Midland to reasonably settle this claim with Allstate or the Sellers. The testimony of Phyllis Cooper, a branch claims manager at Midland, indicates that the company expended very little effort in an attempt to resolve the claim. First, Ms. Cooper testified that ^Midland conducted an investigation. However, Midland’s so-called investigation consisted solely of its conversation with its insured, Roger Duncan. Duncan claimed that the accident occurred because he was following Mrs. Sellers’ instruction on where to place the metal building, despite the fact that he warned her it would likely cause damage to the septic tank. Based on this conversation, Midland determined that the accident was caused by the comparative fault of Mrs. Sellers, and that, therefore, they would not pay 100% of the claim.
Midland made no attempt to substantiate Duncan’s claim. Midland did not depose Mrs. Sellers, nor did anyone visit the accident site to survey the scene. In addition, Midland made no attempts to determine if there were witnesses who could shed light on the events that took place on the day of the accident. Therefore, Midland had little, if any, evidence or factual basis that would tend to support its conclusion that the accident involved the comparative fault of Mrs. Sellers. The only evidence regarding affirmative steps taken by Midland include undocumented phone calls and a letter, dated September 7, 1995, to Allstate in which Midland offered to settle the case.
On the contrary, none of Midland’s above described acts constituted a violation of La. R.S. 22:1220 B. Accordingly, Sellers has no cause of action pursuant to La.R.S. 22:1220. Therefore, the trial court’s award of $500.00 as penalties pursuant to that statute must be reversed.
Attorney Fees
In their second assignment of error, the defendants argue that the trial judge erred in awarding attorney’s fees to Allstate pursuant to La.R.S. 22:1220. While we agree that the trial court erred in awarding attorney’s under 22:1220, we find that plaintiffs were entitled to attorney’s fees pursuant to La. R.S. 22:658.
In its judgment, the trial court awarded Allstate $1,889.93 in attorney’s fees based on a finding that Midland violated the duties imposed on it by the statute. However, as this court clearly stated in Hall v. State Farm, Mut. Auto. Ins. Co., 94-867 (La. App. 3 Cir. 5/31/95); 658 So.2d 204, La.R.S. 22:1220 does not provide for the imposition of attorney’s fees. In Hall, 658 So.2d 204, the lower court awarded attorney’s fees based on the insurer’s violation of La.R.S. 22:1220. In reversing the lower court’s determination on this matter, this court stated:
I sThe trial judge also awarded attorney’s fees in this ease against [the defendant] based on [their] violation of La.R.S. 22:1220 when he granted [the plaintiff’s] motion for JNOV. Attorney’s fees are not allowed in Louisiana except where authorized by statute or contract. Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756 (La.1985). In the present case, no contract or statute provides for an award of attorney’s fees to the plaintiff.
Hall, 658 So.2d at 209. Therefore, the trial court was in error when it awarded attorney’s fees to Allstate pursuant to this statute.
The plaintiffs argue that the imposition of attorney’s fees is valid under this court’s decision in Wells v. Houston, 95-202 (La.App. 3 Cir. 6/7/95); 657 So.2d 474, writ denied, 95-1733 (La.10/13/95); 661 So.2d 500. However, Wells does not stand for that proposition. In Wells, an insured sought damages for the insurer’s refusal to pay an uninsured motorist claim based under La.R.S. 22:658 and 22:1220. La.R.S. 22:658(B)(1) specifically provides for the awarding of attorney’s fees if the insurer fails to pay a valid claim within a specified time. La.R.S. 22:1220 simply provides for penalties in the event the insurer is found to have committed those acts in violation of La.R.S. 22:1220 B. In Wells, which preceded the Theriot case, this court found that the defendant failed to tender a claim and found it to have acted arbitrarily and capriciously pursuant to the *39 language of La.R.S. 22:658(B)(1). Further,, this court found that the plaintiff was entitled to damages because the defendant breached its duty of good faith pursuant to La.R.S. 22:1220. This court awarded penalties and attorney’s fees pursuant to both statutes. We concede that the decree in Wells was unartfully drafted, as it appears that this court was awarding attorney’s fees pursuant to La.R.S. 22:1220. However, a fair reading of the case clearly indicates that the attorney’s fees were awarded pursuant to La.R.S. 22:658, as the court looked to its language in making its determination.
La.R.S. 22:658 states, in pertinent part:
A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
[[Image here]]
|6(4) All insurers shall make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proofs of loss of that claim. B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor, as provided in R.S. 22:658(A)(1), or within thirty days after written agreement or settlement as provided in R.S. 22:658(A)(2) when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss.
(Emphasis Added)
We find that Allstate is a “party in interest” under La.R.S. 22:658 A, as its rights arise under conventional subrogation rights from Sellers. Cf. Southmoor-Coushatta Ins. Agency, Inc. v. Minnehoma Ins. Co., 434 So.2d 537 (La.App. 2 Cir.1983).
The next issue we must consider is whether Allstate tendered a proper satisfactory proof of loss. In McDill v. Utica Mutual Insurance Co., 475 So.2d 1085 (La.1985), the Louisiana Supreme Court defined the term “satisfactory proof of loss” in connection with a claim for penalties under R.S. 22:658:
A “satisfactory proof of loss” within the meaning of La.R.S. 22:658 is that which is sufficient to fully apprise the insurer of the insured’s claim. Hart v. Allstate Ins. Co., supra [437 So.2d 823 (La.1983) ].
There is ample evidence to suggest that Allstate provided Midland the requisite satisfactory proof of loss and fully apprised them of the claim.
La.Code Civ. P. art. 2164 states, in pertinent part:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
In addition, it is well-settled that, if a trial court’s decision is correct, it should be affirmed regardless of its reasons for judgment. Riche v. Ascension Parish School Board, 200 So. 681 (La.App. 2 Cir.1967); Chapman v. Hudgins, 153 So. 558 (La.App. 2 Cir.1934) (correct judgments will be affirmed, even though they are based on grounds different from those relied on by the trial court).
Accordingly, the portion of the trial court’s judgment awarding attorney’s fees to Allstate in the amount of $1,889.93, is affirmed. While, an award of attorney’s fees cannot be made pursuant to La.R.S. 22:1220, such an award is authorized by La.R.S. 22:658.
CONCLUSION
The trial court’s judgment awarding $1,889.93 in attorney’s fees to Allstate is AFFIRMED and that awarding $500.00 in penalties to the Sellers is REVERSED.
AFFIRMED IN PART AND REVERSED IN PART.